THE INDIANAPOLIS, PITTSBURGH, AND CLEVELAND RAIL-
ROAD COMPANY *v.* TAFFE.*

Action in the Common Pleas against a railroad company for killing a horse. The complaint contained two paragraphs, the first founded on the act of *March* 1, 1853, and the second, a common count, in the nature of trespass at common law, alleging that the killing occurred through the "fault, miscon-duct, and negligence" of the employès of the company. A single demur-rer to the whole complaint, and separate demurrers to both paragraphs, were overruled. Answer, 1. The general denial. 2. Several paragraphs, all go-ing to show that the horse was killed without the fault of the company. Demurrer to the latter paragraphs sustained. The defendant then with-drew the general denial. Damages were assessed and judgment rendered for the plaintiff.

*Held*, 1. That the single demurrer to both paragraphs of the complaint was rightly overruled.

2. That the separate demurrer to the first paragraph of the complaint should have been sustained; that the paragraph contained no cause of action—the Court having no jurisdiction under the statute.

3. That the second paragraph of the complaint was good on demurrer.

4. That as to that paragraph, those paragraphs of the answer to which a de-murrer was sustained, amounted to no more than the general denial; and, hence, the Court did not err in sustaining the demurrer, though they would have been more properly stricken out on motion.

5. That, the evidence not being in the record, the Court will presume, in favor of correct action in the Court below, that the damages were assessed upon the good count in the complaint, and, hence, that the error in overruling the demurrer to the first paragraph of the complaint cannot reverse the judg-ment.

Saturday,
January 8,
1859.

APPEAL from the *Marion* Court of Common Pleas.

PERKINS, J.—This was an action brought by the appellee against the appellants, in the *Marion* Common Pleas Court,

--------

* A petition for a rehearing of this case was filed on the 3d of *March*, and overruled on the 12th of the same month.

to recover damages for a horse killed by being run over by a train of cars belonging to, and while in the employ of, the appellants.

The complaint contains two paragraphs. The first is founded on the act of *March* 1, 1853, and alleges "that the defendants, on the —— day of *August*, 1856, by their employès and agents, were running a locomotive and train of cars on the railroad belonging to said defendants, in the said county of *Marion;* that then and there the said locomotive and train of cars, while being so run as aforesaid, struck, passed over, and killed a horse belonging to said plaintiff, of great value, to-wit, of the value of 200 dollars; that said railroad was not, at the time and place aforesaid, fenced in by said defendants, in manner and form as in the statute provided." The second paragraph is a common count, in the nature of trespass at common law, and is the same as the first, except that it alleges that "the said locomotive and train of cars, while being so run as aforesaid, and through the fault, misconduct, and negligence of the said employès, servants, and agents, struck, passed over, and killed," &c.; and does not contain any allegation as to the road not being fenced.

The defendants below demurred to the complaint, and to both paragraphs thereof, which demurrers were overruled; and this is alleged as one of the causes of error.

It is contended on behalf of the plaintiff below, that though the act of *March* 1, 1853, made mention only of justices of the peace, yet, under § 11, ch. 8, 2 R. S. p. 18, giving the Common Pleas Court "concurrent jurisdiction with justices of the peace, in all cases where the sum due or demanded is not less than 50 dollars," that Court had jurisdiction in cases under said act, and would be governed by its provisions.

This point has been decided otherwise. *The Jeffersonville Railroad Co.* v. *Martin*, 10 Ind. R. 416. This case has been followed in subsequent cases.

The first paragraph of the complaint was bad, the second good. The single demurrer to both paragraphs was, therefore, rightly overruled.

Nov. Term,
1858.

THE INDIAN-
APOLIS, &C.,
RAILRO'D CO.
v.
TAFFE.

But the separate demurrer to the first paragraph was wrongly overruled. The point whether there can be a demurrer to the whole complaint, when consisting of several paragraphs, and a separate demurrer to each paragraph, was not raised. The Court treated all the demurrers as properly filed, and considered, and decided upon them. It should have sustained that to the first paragraph, because that paragraph contained no cause of action.

But can this error reverse the judgment?

This depends upon what was subsequently done in the cause.

The defendant answered by the general denial, and by several paragraphs, all going to show that the horse was killed without the fault of the railroad company. A demurrer was sustained to all the paragraphs of the answer, except the general denial.

Now, as to the second paragraph of the complaint, the only valid one, those paragraphs of the answer to which a demurrer was sustained amounted to no more than the general denial, as under that, the plaintiff was bound to prove negligence on the part of the company to enable him to recover. Hence, it was not error in the Court to sustain a demurrer to them; though, properly, they should have been set aside on motion. But the mode of attacking them by demurrer was not objected to.

The case now stands thus:

A complaint containing one good paragraph, and an answer in general denial. Here is a good issue.

At this stage of the proceedings, the defendant withdrew the general denial, and thus left a complaint with one good paragraph unanswered. Upon that, damages were assessed, and judgment rendered for the plaintiff.

The evidence is not upon the record.

It has, in this state, since 1817, been a statutory rule of law, that where the declaration or complaint contains one good count, and other bad counts or paragraphs, and there is a general verdict for the plaintiff, it may be sustained. In such case, the defendant should ask the Court to instruct the jury to assess the damages upon the good count

or paragraph, and where the record is silent on the point, it will be presumed such course was taken. *Newell* v. *Downs*, 8 Blackf. 523. The spirit of the new code requires the perpetuation of this rule.

In this case, at the assessment of damages, if the defendant had asked such an instruction, and it had been refused, or he had taken any proper mode to cause it to appear of record upon what paragraph the damages were assessed, a question would have been presented to the Court. But a complaining party, as a general rule, must show that he has been injured; and where, as in this case, the damages might have been assessed upon the good paragraph, and it is not shown that they were not, we must, according to settled rules of practice in this state, sustain the action of the Court below.

This is strictly analogous to the rule adopted under the old practice, where the Court sustained a demurrer to a good plea of payment, to still require the defendant to offer the matter so pleaded under the general issue, if it was in, and to presume, in the Supreme Court, that he had done so, the contrary not appearing. *Elliott* v. *Wright*, 7 Ind. R. 374.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*S. Yandes* and *C. C. Hines*, for the appellants.
*H. O'Neal* and *G. H. Chapman*, for the appellee.