GRIMES
v.
BLAKE.

*Alexander C. Donald* and *J. T. Embree,* for the appellant.

---

### FERRIS *v.* HAYES and Others.

*Thursday,
May 30.*

---

### GRIMES *v.* BLAKE and Another, Executors of BUTCHER.

*A.* executed to *B.* his two promissory notes, "bearing ten per cent. interest yearly from date." After the death of *A.,* his executors and the payee of the note called upon two persons to compute the amount then due

upon the notes, and the supposed balance having been ascertained, a part of the amount was paid by the executors, and a note executed by them for the residue. Suit by the executors alleging a mistake in the computation, and to recover an excess alleged to have been paid by them over the sum actually due.

*Held*, that the executors could maintain an action in their representative capacity to recover the money thus overpaid.

*Held*, also, that the note given by the executors, if it could have been en-. forced, would have been collectable out of the assets of the estate in their hands, and not out of their individual property.

*Held*, also, that a failure to pay the interest annually, even if it could have been required before the notes fell due, did not authorize a compounding of the interest, unless an agreement had been made to pay interest on the interest.

*Held*, also, that as the parties called upon to make the computation of interest acted merely as clerks, and not as arbitrators, the parties were not bound by their conclusion, but upon the discovery of the error were remitted to their original rights.

May Term,
1861.

GRIMES
v.
BLAKE.

APPEAL from the *Putnam* Common Pleas.

HANNA, J.—*Grimes*, at the decease of *Butcher*, held two promissory notes on him, executed in 1841, and bearing "ten per cent. interest yearly from date." There were various credits indorsed thereon. After the death of *Butcher*, the administrators and *Grimes*, being unable to calculate the interest and determine the sum due, selected two persons, *Blake* and *Hamilton*, to make such calculation, who by mistake, it is averred, determined that there was $2,473 due. One thousand was then paid, and the administrators gave a note for the balance. They now sue, alleging that the $1,000 overpaid the amount really due; which overplus they seek to recover back, and to enjoin the collection of the note. The complaint, averring these facts, was demurred to, and the demurrer overruled. Answer: 1. Denial. 2. That the matter was by agreement submitted to *Blake* and *Hamilton* to arbitrate and determine the amount due, which they did, and notified the parties, who received and accepted the same as a settlement; and that defendant received the $1,000 and the note of plaintiffs in discharge of his claim against said estate. Reply in denial; trial by the Court; finding and judgment for the plaintiffs for $193, for so much money overpaid by

*Thursday,*
*May 30.*

mistake, and that the note be canceled and defendant enjoined from collecting the same.

It is insisted that the demurrer should have been sustained, because the plaintiffs could not maintain the suit in their representative capacity; that if they paid out the assets of the estate improperly they would be personally liable, and therefore could maintain a suit for the recovery of such money only in their personal right. It may be true, that if the administrators improperly paid out the assets they might be held to answer for the same out of their own means, and yet be authorized to maintain a suit for the assets so disbursed; for the reason, that upon the recovery thereof they became, or rather continued, a part of the assets of the estate. *Sheets* v. *Pabody*, 6 Blackf. 122. As for the note, having been given in the same transaction, its payment, if it could have been enforced, would have been, so far as the evidence shows, out of the assets of the estate, and not from the means of the makers; unless the fact that they executed the same, made them individually liable for a debt supposed to be due from the estate. There is nothing shown that would make them so liable. It is argued that, by the terms of the note, interest was payable annually, and as several years had elapsed before any payment thereon, the interest should have been, but was not, compounded by the Court, or by *Blake* and *Hamilton*, who made the calculation at the time of the settlement.

The obvious meaning and legal effect of the language used in the notes was, that interest was promised at the rate of 10 per cent. per annum. A failure to pay interest annually, even if it could have been required before the notes fell due, which we need not decide, did not authorize a compounding, unless an agreement had been made to pay interest on the interest, after the same became due. *Niles* v. *The Board, &c.*, 8 Blackf. 159. Upon this point we are referred to *Hays* v. *Miller*, 12 Ind. 190. It appears to be conceded in that case, that the arbitrators cast the interest upon an improper basis, but as they had been chosen to judge between the parties, their determination, although in that respect improper, would not be disturbed. Here, there is a paragraph of the answer

averring that *Blake* and *Hamilton* had been chosen to arbitrate. The evidence on that issue is conflicting; though, perhaps, more strongly tending to show that they were merely called on to calculate interest. The Court has made a finding, which is, in our opinion, in consonance with the weight of the evidence, in that respect; upon that conclusion, the Court was not bound by the act of the persons so chosen. They were not judges chosen by the parties; but clerks, to make a calculation, in which they made a mistake, having begun upon a misconstruction of the legal effect of the language used in the notes; or, in other words, the parties appear to have believed that a certain state of things existed, and came to an agreement with such belief as its basis; and although they may have had the means of ascertaining the real facts, yet such means are not tantamount to a knowledge of such facts; and, therefore, upon the discovery of the error, the parties were remitted to their original rights. 1 Wend. 355; 8· Cowen, 197; 20 Wend. 175; 2 Denio, 108; 6 Gill, 68; 21 Alabama, 756. The last three cases cited appear to be very much in point. See *Kelly* v. *Solari*, 9 Meeson & W. 53; and *Lucas* v. *Warswick*, 1 Moody & Rob. 293, for the English rule on this subject.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*R. L. Hathaway*, for the appellant.

*H. Secrest* and *S. Turman*, for the appellees.