## BROWN ET AL. *v.* THE COLLEGE CORNER AND RICHMOND GRAVEL ROAD CO.

MISTAKE.—*Payment of Money.*—*Negligence.*—Money paid under a mistake by the payor, as to a material fact, may be recovered by him, though at the time of making such payment he possessed, but neglected to use, the means of ascertaining the actual fact.

PRACTICE.—*Pleading.*—*Demurrer.*—*Bill of Particulars.*—An objection to a bill of particulars attached to a pleading can not be presented by a demurrer thereto.

SAME.—*Pleading Struck Out.*—It is not error to strike out a paragraph of a pleading, if the matters therein alleged can be given in evidence under a remaining paragraph.

SAME.—*Set-Off.*—*Counter-Claim.*—Matter of set-off, counter-claim or re-

coupment can not be given in evidence under the general denial or a plea in bar ; and therefore, where the remaining paragraphs of a pleading consist of such pleas only, it is error to strike out paragraphs alleging matter of set-off, counter-claim or recoupment.

From the Union Circuit Court.

*B. F. Claypool* and *Tucker & Seward*, for appellants.

*J. Yaryan* and *B. Burk*, for appellee.

WORDEN, J.—Complaint by the appellee, against the appellants, in three paragraphs. The first paragraph alleged, in substance, that the plaintiff and the defendants entered into a written agreement, by which the defendants undertook to build the seventh and eighth miles of the plaintiff's road, according to certain plans and specifications, and complete the same by the 1st of January, 1871, for the sum of four thousand seven hundred and eighteen dollars and fifty cents, and that the plaintiff performed all the conditions on its part to be performed. That the defendant Brown was the secretary of the plaintiff's board of directors, and had a knowledge, which the plaintiff had not, of the state of the accounts and payments which had been made by the plaintiff on the work as it progressed, and on October 14th, 1871, represented to the plaintiff, that there was a balance due to the defendants, on the work, of four hundred dollars and three cents, when in fact, as the plaintiff has since discovered, there was only due one hundred and fifty-one dollars and fifty-three cents. The plaintiff, ignorant of the true state of the accounts and of the payments that had been made on the work as it had progressed, and relying on the representations of Brown, through mistake of fact, then and there paid the defendants the said sum of four hundred dollars and three cents, which was an excess of payment, through mistake on the part of the board of directors of the plaintiff, of two hundred and forty-eight dollars and fifty cents. That the defendants, though informed of the

mistake as soon as discovered by the plaintiff, refused to repay, etc.

The second paragraph alleged the entering into the contract for the building of the road, and the performance thereof, on the part of the plaintiff, as in the first paragraph; that at the time the work was finished, and on final settlement between the parties therefor, a mistake occurred between the parties, in this; it was supposed that the defendants had received only four thousand three hundred and eighteen dollars and forty-seven cents, leaving a balance due, as thought, of four hundred dollars and three cents, when, in fact, as has been since ascertained, the defendants had received of the plaintiff, from time to time, as the work progressed, the sum of $456.97, [4566.97?] leaving a balance due of only one hundred and fifty-one dollars and fifty-three cents; and the plaintiff, influenced by the belief that there was due the said sum of four hundred dollars and three cents, paid the same, which was, and is, an excess of two hundred and forty-eight dollars and fifty cents. That the defendants, though advised of the mistake by the plaintiff as soon as it was discovered, refused to repay the money, etc.

The third paragraph was the common count for money had and received, etc.

The defendants answered in five paragraphs.

First.   General denial.

Second.   That on the 16th day of October, 1869, the plaintiff and defendants entered into the contract mentioned in the complaint; that the defendants performed their part of the contract, and, at the request of the plaintiff, performed extra work, in building a culvert on the road worth one hundred dollars, and, also, in building another culvert worth fifty dollars; that on October 14th, 1871, the plaintiff, by her board of directors, called a special meeting, for the purpose of making a settlement with the defendants; that defendants, at said special meeting, duly presented the balance due them on the

contract and extra work, being the amount of four hundred dollars and three cents; that the board also examined the extra work, and after examination and deliberation, with full knowledge of all the facts, having before them all the books, orders, vouchers, papers, claims, credits, debts, and all dealings whatsoever between the parties, compromised, adjusted and settled all difference and matter between the parties, by paying to the defendants said sum of four hundred dollars and three cents. Wherefore, etc.

Third. That the line of the plaintiff's road, so to be constructed by the defendants, ran across the land of one Joseph W. Stewart; that the defendants were prohibited by said Stewart from entering on said land, over which the plaintiff had no right of way; that the plaintiff, for the space of five weeks, failed to procure a right of way over said land; that there was no other part of the road on which the defendants could use the teams which they had employed during the time, whereby the defendants were damaged in the sum of one hundred dollars. That, by the contract between the parties, the plaintiff agreed to guarantee to the defendants the right of way over and across the lands of William Smith, for the purpose of hauling materials for the construction of the road; that the defendants demanded of Smith the right of way for that purpose over the land, which he refused. That defendants demanded of the plaintiff the procurement of said right of way, but this the plaintiff failed to do. That there was no other way, by which the defendants could haul materials for the construction of the road, that would be as convenient and profitable to the defendants; that, by reason of the plaintiff's failure to procure the right of way, the defendants were delayed, etc., and suffered damages in the sum of two hundred and fifty dollars, which they offer to recoup, etc.

Fourth. That, in drafting the contract between the

parties, there was a mistake made by the scrivener, in this; that the contract should have been so written as to show an agreement for the construction of four, instead of five, open culverts; that the mistake was not discovered until after the commencement of the suit, and the defendants ask that the mistake be corrected. That the defendants performed extra work for the plaintiff, at its request, beyond the four open culverts, in building two culverts—the particulars of which are set out—of the value of one hundred dollars, which the defendants offer to set off, etc.

Fifth. That a mistake was made in drawing the contract, by the scrivener, substantially as alleged in the fourth paragraph. That the defendants performed extra work, beyond that contracted for, at the plaintiff's request, in the building of a culvert worth one hundred and fifty dollars, and a part of another culvert worth seventy-five dollars, and did other extra work worth one hundred dollars; that on October 14th, 1871, a special meeting of the board of directors of the plaintiff was called, for the purpose of making a final settlement with the defendants for all labor by them performed for the plaintiff; that at the meeting the defendants presented an account for balance due on contract and for the extra work; that the board of directors of the plaintiff, recognizing and knowing the mistake in drawing the contract, duly examined the work, and, having full knowledge of the number of culverts constructed by the defendants, allowed the defendants credit for the construction of the extra work aforesaid, and after due examination and deliberation, and with a full knowledge of all the facts, having before them all the books, orders, vouchers, papers, claims, credits, debits, and all dealing whatever between the parties, compromised, adjusted and settled all differences, matters and claims between them, by the plaintiff paying to the defendants the sum of four hundred dollars and three cents. Wherefore, etc.

On motion of the plaintiff, the second, third and fourth paragraphs of the answer were struck out, and the defendants excepted. Issue was taken on the fifth, and the cause submitted to a jury for trial, resulting in a verdict and judgment for the plaintiff, a motion for a new trial having been overruled.

Demurrers were filed to the several paragraphs of the complaint, for want of sufficient facts, but were overruled, and exceptions taken.

Errors are assigned upon the rulings on the demurrers, and also upon the ruling in striking out the second, third and fourth paragraphs of the answer.

The objection urged to the first and second paragraphs of the complaint, as we understand the brief of counsel for the appellants, is, that as no fraud or concealment is charged upon the defendants, if the directors of the plaintiff did not know the facts and the state of the accounts, it was because of their neglect, and that under such circumstances the plaintiff can not recover. The counsel say: "The law was not made to relieve parties from the effects of their negligence or folly."

But it is well settled that money paid under a mistake, on the part of the payor, of a material fact, can be recovered back. 2 Chitty Con., 11 Am. ed., 928, and authorities there cited. On the subject of laches on the part of the party paying the money, and seeking to recover it back, we quote the following passages from the volume above cited, at page 930.

"And, in the above case, BAYLEY, J., said, 'If a party pay money under a mistake of the real facts, and no laches is imputable to him, in respect of his omitting to avail himself of the means of knowledge within his power, he may recover back such money.'

"But the rule on this subject has ceased to be thus limited; it being now held, that the possession of the means of knowledge by the party who paid the money, can be regarded only as affording a strong observation to the

jury, to induce them to believe that he had actual knowledge of the circumstances; but that there is no conclusive rule of law, that because a party has the means of knowledge he has the knowledge itself."

We think the two paragraphs were good. As to the third, the objection is, that the bill of particulars accompanying it sets up different matter from that stated in the pleading. Such objection, if it existed, was not reached by demurrer. A demurrer is addressed to the pleading, and not to a bill of particulars filed with it.

No error was committed in overruling the demurrers to the several paragraphs of the complaint.

We are of opinion, also, that no error was committed in striking out the second paragraph of the answer. The matter alleged in that paragraph might all have been given in evidence under the general denial. The *gist* of it was, that the payment was made with full knowledge of all the facts. This is but the negative of what the plaintiff was bound to prove.

The third paragraph of the answer alleged, by way of counter-claim or recoupment, the breach of the contract on the part of the plaintiff, whereby the defendants were damaged, and there was no other paragraph in the answer, under which the matter thus pleaded could have been given in evidence. In our opinion, the court erred in striking out this paragraph.

The fourth paragraph is a set-off for extra work done by the defendants, at the request of the plaintiff, and there was no other paragraph under which the matter could have been given in evidence. Error was committed in striking it out.

The fourth paragraph, like the fifth, alleges a mistake in drawing the contract, but the fifth is neither a set-off nor a counter-claim. It was pleaded in bar of the action, and under it the set-off pleaded in the fourth paragraph could not have been given in evidence.

The paragraphs struck out were neither frivolous nor

irrelevant, and their sufficiency could not be questioned by a motion to strike out. *The Indianapolis Piano Manufacturing Co.* v. *Caven*, 53 Ind. 258.

As the judgment will have to be reversed for the error in striking out the third and fourth paragraphs of the answer, it will be unnecessary for us to consider any of the questions arising upon the overruling of the motion for a new trial.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.