## Lewellen et al. *v.* Garrett.

MISTAKE.—*Money so paid Recoverable.— Negligence.—Promissory Note.—Administrator.—Attorney.—Pleading.*—In an action by A., against B. and C. personally, to recover money paid by mistake, the complaint alleged, that B., as administrator of a certain decedent's estate, had represented to A , that he held a promissory note against A. as surety, and another as principal, and that he had placed the same in the hands of C., his attorney, for collection; that A., under the impression that B.'s statement was correct, had paid to C. the amount of the note and lifted it, whereupon he discovered that he had never executed the note; that thereupon, while the money was yet in C.'s hands, he informed the defendants of the mistake, tendered, and now tenders, back the note, and demanded of them repayment, which was refused. *Held,* on demurrer, that the complaint is sufficient.

INSTRUCTION TO JURY.—*New Trial.*—Where the substance of an instruction asked and refused to be given to a jury is covered by one given, such refusal is not ground for a new trial.

SAME.—*Supreme Court.*—Where, on appeal to the Supreme Court, the evidence is not in the record, the applicability to the evidence of the instructions to the jury can not be considered.

From the Henry Circuit Court.

Lewellen *et al. v.* Garrett.

*M. E. Forkner, E. H. Bundy* and *W. F. Walker,* for appellants.

*R. L. Polk* and *J. Brown,* for appellee.

PERKINS, J.—Suit by Garrett against Lewellen and Walker. The complaint was in two paragraphs. We copy the first:

"Nathan Garrett complains of Jabish Lewellen and William F. Walker, and says, that heretofore, to wit, on the 10th day of May, 1871, the defendant Lewellen pretended and claimed that he held a note as administrator of Cadmus Daniels, deceased, payable to said Daniels and executed by Cornelius Smith, as principal, and this plaintiff, as surety of the said Smith, calling for eight hundred and twenty-five dollars, and dated on the 15th day of October, 1864, due twelve months after date, and that the said Lewellen then and there placed said note in the hands of the said William F. Walker for collection ; that, on said day and year, as aforesaid, the plaintiff paid to the said Walker the sum of ten hundred and ninety-seven dollars, being the amount of said note and interest, and that said Walker now has said money in his possession and custody, and refuses to pay the same back to the plaintiff, although the plaintiff, on the next day after the same was so paid to him, to wit, on the 11th day of May, 1871, demanded it of him, and also demanded it of the said Lewellen, and offered to surrender up to said Walker and Lewellen said note, and now brings said note into court for them.

"Now the plaintiff avers, that he never executed said note, nor was he liable to pay the same, but he supposed, at the time he made said payment, that he might have executed said note and forgotten the fact, and that, at the time he made said payment, he was ignorant of the fact that said note was not his note, and not until after he had made said payment and taken up said note, did he discover that the same was not his note ; of all which facts he informed the defendants; he therefore demands judgment against the

defendants for one thousand dollars, and that said Walker be compelled to deliver back to the plaintiff the money so paid to him upon said note."

A demurrer to this paragraph of complaint was overruled. No demurrer was filed to the second paragraph.

An answer was filed; trial by jury; verdict for the plaintiff, and judgment on the verdict. The evidence is not in the record.

It is assigned for error, that the court erred in overruling the demurrer to the first paragraph of the complaint; while it is insisted on the part of the plaintiff, that, admitting said ruling to have been erroneous, the error is unavailable on appeal, for the reason that one good paragraph of complaint will uphold the verdict.

It is proper that we examine the first paragraph of the complaint, and decide upon its sufficiency, because, if it is a good paragraph, there will be no necessity for considering the second question made in the case.

We think it is good.

It is clearly within the case of *Brown* v. *The College Corner, etc., Gravel Road Co.*, 56 Ind. 110. That case is fully supported by other decisions. In *Kelly* v. *Solari*, 9 M. & W. 54, LORD ABINGER, C. B., said : " there is a third case, and the most difficult one,—where the party had once a full knowledge of the facts, but has since forgotten them. I certainly laid down the rule too widely to the jury, when I told them that if the directors once knew the facts they must be taken still to know them, and could not recover by saying that they had since forgotten them. I think the knowledge of the facts which disentitles the party from recovering, must mean a knowledge existing in the mind at the time of payment."

PARKE, GURNEY and ROLFE, BARONS, concurred.

In *Guild* v. *Baldridge*, 2 Swan, Tenn., 295, an elaborate case, where the decisions are extensively reviewed, it is said : " The right of recovery proceeds upon the ground, that the plaintiff has paid money, which he was under no obligation to pay and which the party to whom it

was paid had no right either to receive or to retain, and which, had the true state of the facts been present in his mind, at the time, he would not have paid."

- As we have concluded that the first paragraph of the complaint was sufficient, it is unnecessary as we have said, that we should say any thing upon the second point. See, however, 48 Ind. 90; 47 Ind. 580; 11 Ind. 458; 1 Blackf. 11; 4 Blackf. 517; 5 Blackf. 576; 8 Blackf. 523.

The evidence, as we have seen, is not in the record; hence we can not decide that any witness testified to any thing injurious to the appellant, or otherwise.

The instructions refused, we think, were embraced by those given; and, in the abstract, we discover no error in the latter. The evidence not being in the record, we can not speak as to their applicability to the case made by the evidence. If they might be correct under any supposable state of facts, they will not be held erroneous. *The Aurora Fire Ins. Co.* v. *Johnson*, 46 Ind. 315.

We discover no error in the record. It is doubtful if the exceptions to the instructions were properly reserved. See 2 R. S. 1876, p. 168.

The judgment is affirmed, with costs.