No. 10,731.

## CITY OF INDIANAPOLIS v. McAVOY.

CITIES.—*Annexation of Territory.*—Cities can not annex territory not contiguous thereto.

SAME.—*Illegal Taxes.*—*Recovery of.*—If taxes be assessed and collected by a city on lands illegally annexed to the city, they may be recovered.

SAME.—*City Boundaries.*—*Question of Fact.*—It is a question of fact whether or not a particular locality is within the limits of a city.

SAME.—*Refunding Taxes.*—*Statutory Construction.*—*Mandatory or Permissive.*— The statutory provision (sec. 3157, R. S. 1881) that "the common council may, at any time, order the amount erroneously assessed against and collected from any taxpayer to be refunded to him," is mandatory.

MISTAKE.—*Money Paid.*—*Negligence.*—Money paid under a mistake of fact may be recovered, notwithstanding a negligent failure to use the means of knowledge. *Lafayette, etc., R. R. Co.* v. *Pattison*, 41 Ind. 312, disapproved.

MANDAMUS.—*Practice.*—A remedy by mandate can not be had when the ordinary action affords complete relief.

From the Superior Court of Marion County.

*C. S. Denny*, for appellant.

*W. F. Elliott*, for appellee.

WOODS, C. J.—The appeal is from a judgment in favor of the appellee upon a complaint to recover money paid in dis-

charge of illegal taxes assessed against property of the appellee. The error assigned is upon the overruling of the demurrer to the reply for want of facts. The substance of the pleadings may be briefly stated:

The complaint charges that since the year 1875 the appellee has been the owner of lots 25, 26, 44 and 45, in Staunton and Francis' addition to the city of Indianapolis; that, in 1874, the common council of the city passed a resolution for the annexation of certain territory, including said lots, to the corporate limits of the city, and thereafter assessed and put upon its tax-duplicates taxes upon said lots for the use of the city, to wit, for the years from 1875 to 1881 inclusive; that believing the annexation to have been legally made, and the taxes properly assessed, the appellee paid the same, to the aggregate amount of $67.35; that, in fact, said lots are not and never were contiguous to the city, nor to any territory annexed thereto, but a half mile therefrom, and in April, 1881, after the payment of the taxes aforesaid by the plaintiff, the common council of the city enacted an ordinance and resolution declaring the proceedings of annexation illegal and void, because the lots were not contiguous to the city; and then for the first time the plaintiff learned that her lots were not contiguous to the city, and the annexation thereof void; that no improvements were made in the vicinity of said lots, and no benefit received from the city government; that, upon demand made, the defendant had refused to repay the moneys so illegally collected.

The only allegation of the answer, not denied in the reply, material to note, is, that the boundary lines of the city were well defined by ordinances duly recorded in the office of the city clerk, and there kept open to the inspection of the appellee, all the time a resident of the city. In reply, it is alleged that the appellee paid the taxes in ignorance of the facts, and believing the lots to be within the city.

The judgment of the superior court, we think, was clearly

right. The invalidity of the order of annexation was conceded by the city council, and is not disputed now; the taxes assessed against the property of the appellee were, therefore, illegal, and are shown to have been paid by the appellee in ignorance of the fact which rendered the annexation invalid, that is to say, the fact that the annexed territory was not adjoining or contiguous to the city. 1 R. S. 1876, pp. 310, 311, sections 84, 85. The case, then, is one of payment of an illegal tax, under a mistake of material fact, and not of law merely. That it is a question of fact whether a particular locality is or is not within the limits of a city, see *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549.

But it is claimed on the authority of *Lafayette, etc., R. R. Co.* v. *Pattison,* 41 Ind. 312, that the appellee had the means of knowing the location of her lots in respect to the city boundary, and consequently that she is not entitled to relief. The proposition is too broadly stated. The rule indicated certainly can not apply unless the means of knowledge are present, or so easily accessible and convenient that the failure to use them would constitute negligence, and such negligence as under the circumstances ought to preclude relief. See *McArthur* v. *Luce,* 43 Mich. 435; S. C., 38 Am. R. 204. In the case of *Brown* v. *College Corner, etc., Gravel Road Co.,* 56 Ind. 110, it is held, inconsistently with the statement on the subject found in the opinion in *Lafayette, etc., R. R. Co., supra,* that the failure to use means of knowledge does not preclude a recovery. See, also, to same effect, Kerr Fraud and Mistake, 415; *Grimes* v. *Blake,* 16 Ind. 160; *Lewellen* v. *Garrett,* 58 Ind. 442 (26 Am. R. 74); *Mayer* v. *Mayor,* 63 N. Y. 455; *Union Nat'l Bank* v. *Sixth Nat'l Bank,* 43 N. Y. 452; S C., 3 Am. R. 718.

It is insisted by the appellee, that, after the city council had declared the annexation illegal and void, the appellee was entitled to recover just as for money paid on a judgment which had afterwards been reversed, and the following cases are cited: *Martin* v. *Woodruff,* 2 Ind. 237; *Bank of U. S.* v.

*Bank of Washington,* 6 Peters, 8; *Peyser* v. *Mayor,* 70 N. Y. 497 (26 Am. R. 624); *Mayor, etc.,* ads. *Riker,* 9 Vroom, 225; S. C., 20 Am. R. 386; *Jersey City* v. *O'Callaghan,* 41 N. J. L. 349. We decide nothing on this point.

There is, however, another ground on which the appellee was entitled to recover, even though it were conceded that the payments in 'question were voluntary, and made without mistake of fact. It is expressly provided in the law governing cities, 1 R. S. 1876, p. 298, section 59 (R. S. 1881, section 3157), that "the common council may, at any time, order the amount erroneously assessed against and collected from any taxpayer to be refunded to him." This language is in form permissive, but in legal effect it is mandatory. Potter's Dwarris Statutes, 220; Smith Const. Constr., sec. 599; *Supervisors* v. *U. S.,* 4 Wal. 435; *State, ex rel.,* v. *Board, etc.,* 36 Wis. 498; *Gray* v. *State, ex rel.,* 72 Ind. 567; *Board, etc.,* v. *Benson,* 83 Ind. 469.

The appellant insists that if this provision is applicable to the case the remedy should have been by mandate, and not by the ordinary action. We do not think so. On the contrary, the general rule is that a resort may not be had to the extraordinary remedies provided by the code, such as injunction or mandate, if adequate relief may be had in an ordinary action; and there is no reason why that action is not available in such a case as this. The case of *Georges' Creek Coal and Iron Co.* v. *County Commissioners, etc.,* decided by the court of appeals of Maryland, at its October term, 1882, and found in The Reporter, vol. 15, p. 271, is fully in point. See, also, *People* v. *Brooklyn,* 1 Wend. 318; S. C., 19 Am. Dec. 502; *Board, etc.,* v. *State,* 11 Ind. 205; *State, ex rel.,* v. *Board, etc.,* 63 Ind. 497; 2 Dillon Mun. Corp., sections 935, 947. Judgment affirmed.

ELLIOTT, J., did not participate in this decision.