## ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF OREGON,

### OCTOBER TERM, 1883.

———

EDWARD B. WATSON, *Chief Justice.*
WILLIAM P. LORD, } *Associate Justices.*
JOHN B. WALDO,

———

## NEWBY *v.* ROWLAND.

ACTION TO RECOVER POSSESSION OF REAL PROPERTY.—The provisions of section 316 of the code, in respect to pleading "any license or right to the possession" of real property as a defense, in an action for the recovery thereof, refer only to such license or right to possession as would constitute a legal defense, and cannot be held to include mere equitable rights.

ESTOPPEL.—Matters constituting an equitable estoppel simply, are unavailing as a defense in such an action.

PRACTICE.—Where several separate defenses are pleaded, a portion only of which is good and is returned, referring to and sustaining the good defenses solely, the record being otherwise silent as to the proceedings on the trial, any error of the court committed in sustaining the invalid defenses against motion or demurrer will be disregarded on appeal as having produced no injury.

APPEAL from Yamhill County.

*W. D. Fenton,* for appellant.

*McCain & Hurley,* for respondent.

By the Court, WATSON, C. J.:

This action was brought to recover certain real property situated in Yamhill county. The complaint alleges that the plaintiff is the owner in fee-simple and entitled to possession, but that defendant wrongfully withholds the same from him, to his damage, etc. The answer denies these allegations, and sets forth a number of affirmative defenses. These are: (1) ownership in fee in defendant; (2) possession under a written contract of sale, with payment of the purchase money; (3) matters relied on as constituting an estoppel *in pais;* (4) the statuate of limitations.

The plaintiff moved to strike out the second and third defenses, and also demurred to them, upon the ground, among others, that they constituted no defense at law. Both were overruled, and plaintiff replied, denying all affirmative matter in the answer. The cause was then submitted to a jury, who found by their verdict that the defendant was "the owner in fee-simple and entitled to the possession of the premises described in the complaint." Plaintiff thereupon filed a motion for a new trial, which was refused, and judgment rendered for defendant on the verdict. The plaintiff appeals.

There is no bill of exceptions in the record; hence, we can take no notice of alleged irregularities occurring at the trial. This is the settled rule in this court, in cases like the present, where the statute has prescribed the contents of the record. (*Oregonian Ry. Co.* v. *Wright*, 10 Or., 162.) We think the circuit court erred in overruling the motion and demurrer. The matters pleaded in the second and third defenses were unavailing in an action at law. (Bigelow, Estop., [2d Ed.] 534, *et. seq*; *Hayes* v. *Livingston*, 34 Mich., 384; *Wythe* v. *Smith*, 4 Sawy. 1.) When the civil

code (section 316) declares that "the defendant shall not be
allowed to give in evidence any estate in himself or an-
other in the property, or any license or right to the posses-
sion thereof, unless the same be pleaded in his answer," in
actions of this nature it must be construed to mean only
*such* a license or right to the possession as would constitute
a *legal defense,* and not an equitable right merely. It does
not say that every license or right to the possession may be
pleaded as a defense at law, but only that none can be made
availing at the trial unless pleaded. No different meaning
can reasonably be given such provision. But assuming
that the circuit court did err, as we think we must, how has
the appellant been injured by it? The respondent's plea of title
in herself is conceded by appellant to be a good defense, and
is fully sustained by the verdict of the jury. It was in
fact a special finding that the fee was in her and not in the
appellant, and clearly applicable to the issue as to title and
right of possession found thereon. It does not appear
by the record that any evidence was introduced or instruc-
tion given at the trial relating to the issue made by the rep-
lication to the objectionable defenses, and we are not at
liberty to presume that there was any such evidence or in-
struction in the case in the lower court. And if there had
been, it is difficult to perceive how that state of facts would
render a reversal necessary, in view of the special character
of the verdict returned, and its sole applicability to a valid
defense. But had it been general instead of special, in
view of the condition of the record before us, we should
have felt compelled, under the authorities, to have made
the same application. (*Smith* v. *Cleveland,* 6 Metc. 332;
*Indianapolis, etc., R. Co.* v. *Taffe,* 11 Ind. 458; *Peoria
M. & F. Ins. Co.* v. *Whitehill,* 25 Ill. 466.) It not only
does not appear that appellant was injured, but, on the con-

trary affirmatively appears that he was not injured or pre-
judiced upon the final trial by the errors of which he now
complains and which we find to have been committed.

It follows, therefore, that the judgment should be
affirmed.