Filed Sept. 16, 1884.

No. 11,069.

## WORLEY *v.* MOORE.

PLEADING.—*Amended Complaint.*—*Date.*—An amended complaint is to be held as stating the cause of action as it existed when the suit was instituted.

MISTAKE.— *Voluntary Payment.*—Where one party is trusted to make the calculation of interest upon notes due him, and he assures the debtor that the statement is correct, although it is in fact erroneous, and the statement is accepted, the mistake is a mutual one, and the creditor having received more than the sum actually due, he can be called to account for the excess.

CONVERSION.—Where one accepts money to be by him paid to a third party and converts a portion thereof to his own use, he is liable to the person from whom he received the fund and on whose account it was to be paid.

CONTRACT.—*Rescission.*—A contract can not be rescinded unless *in toto;* no part of the benefit can be retained, and the parties to the contract must be placed *in statu quo.*

INSTRUCTIONS.—*Request.*—*Objection.*—A party can not object to an instruction given at his own request.

SAME.—*Answer to Interrogatory.*—A judgment will not be reversed on account of an erroneous instruction, when it appears by an answer to an interrogatory that the jury were not misled.

CHANGE OF VENUE.—*Argument of Counsel.*—It is not proper for counsel to comment upon a change of venue, before the jury, but the error is not available if counsel desist on objection made.

From the Owen Circuit Court.

*J. R. East* and *W. H. East*, for appellant.

*J. H. Louden, R. W. Miers, J. W. Buskirk* and *H. C. Duncan,* for appellee.

ZOLLARS, J.—Action by appellee to recover from appellant an amount of money paid through mistake and fraud upon a settlement of accounts.

Upon a former appeal, the judgment was reversed upon the insufficiency of the complaint. Upon a return of the case to the court below, the complaint was amended, and the venue changed from Monroe to Owen county.

Upon the former appeal, the first paragraph of the complaint was held bad because it did not aver that appellant had notice of the mistake before the commencement of the action. *Worley* v. *Moore,* 77 Ind. 567. As amended, it is averred in this paragraph that when appellee discovered the mistake, he informed appellant of the fact, asked a correction, and demanded a repayment of the amount in excess of the amount actually due, which appellant refused. This, we think, is sufficient, and sufficiently fixes the time of notice and demand, as prior to the commencement of the action.

An amended complaint, in a case of this character, is not to be held as stating the cause of action as it exists at the time of such amendment, but as it existed when the action was commenced.

A further objection is now made to the first paragraph, that it does not state facts showing a mutual mistake in the settlement, nor, indeed, any mistake at all. And further, that if a mistake be conceded, the facts stated show appellee to have been guilty of such negligence as will defeat a recovery. The averments of the complaint, bearing upon these points, are substantially, that for a number of years there was an account existing between the parties; that appellee was indebted to appellant upon a number of interest bearing notes, upon which various credits and payments were and should have been endorsed; that in December, 1877, a

settlement was had, when it was concluded that appellee's indebtedness amounted to $3,450.85, which he then paid. The several notes, accounts, payments, the amounts found due, and the amounts in fact due, are stated in detail.

It is further averred that appellant alone computed the interest on the several notes with the partial payments, and assured appellee that he had made a careful and correct computation, and that the amounts stated were the correct amounts; that knowing that appellant was a proficient accountant, appellee reposed full faith and credit in his statements, and relied upon the correctness of the amounts stated and paid them, not then knowing of any mistake.

It is further averred that appellant made a mistake in the computation of the interest, and thus found the principal and interest due to be $3,450.85, when in fact, upon a proper calculation of the interest, the amount due was $2,000, and that both parties relied upon and acted upon the erroneous calculation in closing up the settlement, and making and receiving the payment.

These averments, we think, show a mistake, and as to the final settlement a mutual mistake. Having assumed to make the calculation of the interest, and having assured appellee in positive terms that the result was correct, and having received, upon the faith of the statements, a larger amount than was due to him, appellant is not in a condition to charge appellee with negligence in relying upon such statements. If the facts stated are true, as the demurrer admits, appellant can not in good conscience retain the money not due him. Our conclusion is fully supported by the cases of *Brown* v. *College Corner, etc., G. R. Co.,* 56 Ind. 110, and *Lewellen* v. *Garrett,* 58 Ind. 442.

An objection is made to the second paragraph of complaint, that it does not show a right of action in appellee. We think otherwise. The paragraph is not very specific, but states enough we think to show a right of action in appellee. The averments are, in substance, that in 1874 appellee was in-

debted to one Woods upon two promissory notes; that appellant represented to appellee that Woods desired payment, and that if intrusted with the money he would give it to Woods and have it credited upon the notes; that appellee gave to him $1,500 to be applied on the Woods notes, and that instead of giving the amount to Woods, and having it credited upon the notes, he converted $600 of the amount to his own use, and refuses to repay it to the appellee. There is a further averment that appellee was compelled to pay that amount to Woods. This latter averment is the statement of a conclusion rather than of a fact, and may be disregarded in determining the sufficiency of the paragraph. We think that the other averments show that appellee constituted appellant his agent to pay over the money to Woods and have the amount credited upon the notes, and that instead of doing so he converted a portion of it to his own use. For the amount so converted he is liable to appellee, whether appellee has paid Woods or not. The paragraph clearly makes a case under the ruling in *Bunger* v. *Roddy*, 70 Ind. 26.

A third paragraph sets up fraud in the settlement on the part of appellant. To this complaint appellant filed answers and a cross complaint, asking for a rescission, etc. Under this cross complaint appellant testified, substantially, that at the time of the settlement mentioned in the complaint appellee was indebted to him in the sum of $3,450, which, without mistake, was agreed upon as the amount; that appellee liquidated this amount by paying to appellant $50 in money and conveying to him one hundred and ten acres of land, at the price of $3,400; that he was induced to take the land at that price by the false and fraudulent representations of appellee, upon which he relied, that he was in debt to the amount of $17,000, that being more than he was worth, and that unless he, appellant, took the land at the price fixed he would lose the most, if not the whole, of his claim against appellee; that the land was not worth over $2,000; that he had taken possession of the land, paid the taxes, and improved and in-

creased its value, and farmed it but little; that after this suit was commenced he had tendered to appellee a deed for the land, with an offer to pay all damages to the land, if any, and demanded a rescission of the contract and sale of the land, and a return to him of the notes and accounts surrendered upon the settlement and conveyance of the land; that he at no time tendered or offered to return to appellee the $50 received from him.

As to whether or not appellee made any such representations as to the extent of his financial embarrassment, there is a conflict in the evidence.

The court below instructed the jury in the thirteenth instruction, and to the same effect in the eleventh and twelfth, that unless appellant, when he offered to rescind, offered also to return the $50, he could not succeed upon his cross complaint. Appellant contends that in this regard the instructions were erroneous. We think otherwise.

The rule is well settled that if a contract is rescinded at all, it must be rescinded *in toto;* that a party can not rescind a contract and retain the whole or a part of the benefits of it, and that a contract can not be rescinded unless the parties can be placed *in statu quo*. *Scott* v. *Wallick*, 24 Ind. 124; *Gatling* v. *Newell*, 9 Ind. 572; *Watson Coal and Mining Co.* v. *Casteel*, 68 Ind. 476; *Patten* v. *Stewart*, 24 Ind. 332.

In the case before us, the evidence shows that appellant held a number of notes and accounts against appellee. Upon a settlement had, it was determined that a certain aggregate sum was due upon them. In payment of this sum, appellee paid $50 in cash, and conveyed the land for a fixed price, which equalled the balance of the indebtedness. Upon this being done, the accounts and notes were surrendered to him. Appellant now asks that the conveyance of the land to him shall be rescinded, and that the notes and accounts shall be returned to him, he retaining the $50. How shall the parties be placed *in statu quo*? Before the conveyance, appellant had the notes and accounts, and appellee had the $50

and the land. Appellant can not be entitled to the notes and accounts and the $50 also. If he is to retain the $50, clearly, appellee would be entitled to a credit for that amount on some of the notes or accounts. Upon which shall the credit be made? By whom and how shall that credit be made? Suppose that instead of $50, $1,000 had been paid in cash, and the balance by the conveyance of the land. If in such case appellant should be allowed to rescind as to the land, receive back his notes and accounts, and retain the $1,000, how could appellee be protected by proper credits?

Who would have the right to say upon what notes or accounts a credit should be made? The parties would most likely disagree, and the court would have no right to determine. Thus there would seem to be an insurmountable difficulty in placing the parties in statu quo, if the contention of appellant be conceded. In view of the evidence as to the offer to rescind, and our conclusion as to that portion of the instruction under consideration, other objections urged against it are immaterial. Whether or not appellant might retain the $50, and counter claim damages resulting from the land transaction, is another question.

Objections are also urged against the third and seventh instructions. These were given at appellant's request. He can not, therefore, be heard now to question their correctness.

Complaint is also made of the eighth instruction given by the court. In this the jury were instructed to find for the plaintiff upon the first paragraph of the complaint, if they should find from the evidence that in the settlement there was a mutual mistake as to the rate, calculation or amount of the interest on the notes and accounts, etc., or in counting any item of indebtedness twice, or in failing to give proper credits.

As related to anything in the first paragraph of the complaint, we find nothing in the evidence which shows any omission of credits or the counting of any item of indebtedness twice. In the instructions to the jury, the court should not direct their attention to evidence which does not exist.

Such misdirection has often been held to be error. In the case before us, however, it affirmatively appears that the jury were not misled or influenced by the objectionable part of the instruction. To an interrogatory as to how the mistake in the amount of appellee's indebtedness occurred, they answered that it was by a mistake in the computation of the interest upon the notes and accounts. A judgment will not be reversed upon an erroneous instruction, when it thus appears that the jury were not influenced by it. *Stockton* v. *Stockton,* 73 Ind. 510; *Ferguson* v. *Hosier,* 58 Ind. 438.

There was no error in overruling appellant's motion for judgment upon the answers to the interrogatories. Without setting them out, it is sufficient to say that the answers are not such as to justify such a judgment.

A statement in argument to the jury, that one of the parties had caused the venue to be changed from the county where the parties reside, is not within the proper line of argument, but when the counsel at once desist upon objection being made, there is no available error. Neither can error be predicated upon the silence of the court, where there is no request for an admonition to the jury not to be influenced by the statement.

We can not reverse the judgment upon the evidence. We have examined it very carefully, and find that while it is not very conclusive, it at least tends to sustain the verdict.

It was assigned as a cause for a new trial, that the amount found by the jury is excessive. As we have already seen, a recovery is asked in the second paragraph of the complaint, on the ground that appellant had converted to his own use money which appellee had given to him to be applied and credited upon notes which appellee owed Woods. There is no evidence at all of such conversion. The evidence shows that appellant was the owner of or in some authoritative way connected with a bank. The Woods notes were left at the bank. Appellee paid into the bank $1,500 for Woods; he says, with instructions to appellant to apply it upon the Woods notes, and have the proper credit made. After the

payment, Woods made a credit of $960.16 upon one of the notes, and checked out $539.84, the balance. He claims to have applied that amount upon another indebtedness from appellee to him. If appellant was the agent of either party when the money was paid, he was the agent of Woods to receive it upon his notes. Appellee had the right to direct that the amount paid by him should be applied and credited upon the notes; notwithstanding he may have been otherwise indebted to Woods. If he thus made the payment and directed the credit, it was a payment of that amount upon the notes, whether the credit was endorsed upon them or not.

After the payment and the partial credit as above, Woods, for value, assigned the two notes to appellant, and they were included in this settlement with appellee. Apparently, appellant became the owner of the Woods notes after their maturity. If so, he took them subject to the payments. If appellee's testimony is correct, he took them with notice of the payment, and hence subject to it. In either event, appellee might have insisted upon the credit in the settlement with appellant.

If, by mistake or fraud, the proper credit was not allowed upon these notes, upon a proper case made, appellee might recover back the amount overpaid. Such a case is not made in the second paragraph of the complaint, which was intended to make a case upon this branch of the controversy, nor in either of the other paragraphs of the complaint. It is well settled that a party must recover, if at all, upon the allegations of the pleadings; he can not recover upon a state of facts different from those pleaded. *Boardman* v. *Griffin*, 52 Ind. 101; *Thomas* v. *Dale*, 86 Ind. 435.

The notes and accounts which appellee owed appellant at the time of the settlement are set out in the record in full. The amount due at that time is a matter of calculation. It is apparent that the jury included in their verdict the portion of the $1,500 checked out by Woods, and not credited upon the notes, viz., $539.84, and interest upon it from the

date of settlement to the date of the' verdict. This they should not have done, as it was not authorized by the pleadings and evidence. To avoid the error, appellee remitted $539.84 of the verdict, and judgment was rendered for the balance—$943.63. The remitment should have included the interest upon the $539.84, included by the jury in the verdict. At six per cent., from the date of the settlement to the return of the verdict, that interest, if we are correct in our calculation, amounts to $171.38. If within thirty days appellee shall remit that amount as of the date of the judgment, the judgment will be affirmed, at his costs, so far as made by this appeal. If he does not, the judgment will be reversed, with costs, and the cause remanded, with directions to the court below to sustain appellant's motion for a new trial.

Some other questions are discussed by counsel which we have carefully examined, and conclude that they constitute no sufficient reason for a reversal of the judgment. It would not be profitable to extend this opinion to set them out specifically.

Filed May 26, 1884. Petition for a rehearing overruled Sept. 20, 1884.