Stotsenburg, Admr., *v* Fordice *et al.* ·

No. 17,204.

STOTSENBURG, ADMR., *v.* FORDICE ET AL.

APPELLATE PROCEDURE.—*Rehearing.*—*Points Which Will Not Be Considered.*—Points not specifically made in the original briefs cannot be made on petition for a rehearing in the Supreme Court.

PROMISSORY NOTE.—*Recovery of Interest Paid in Excess of Contract Rate.*—*Mistake of Fact.*—*Assumpsit.*—Payment of interest on a note, in excess of the contract rate, under a mistake of fact, may be recovered back whether or not the mistake was mutual.

DEMAND.—*Note.*—*Payment of Excessive Interest.*—*Answer.*—*Cross-complaint.*—No demand is necessary before an answer, in an action on a note, claiming payment of excessive interest under a mistake as to the contract rate.

PLEADING.—*Set-Off.*—*Counterclaim.*—*Partial Answer.*—A plea setting up a set-off or counterclaim to part of the claim sued on is not bad in failing to respond to the balance, although it is directed to the entire cause of action.

From the Floyd Circuit Court.

*G. H. Voight* and *E. B. Stotsenburg,* for appellant.

*A. Dowling,* for appellees.

HACKNEY, J.—In November, 1866, one Maginnis executed to the appellant's predecessor three promissory notes, each for $1,627.27, "with interest at the rate of six per cent., payable semi-annually and specifically in gold coin." To secure said notes he executed his mortgage on certain real estate. In November, 1871, Maginnis conveyed the real estate to the appellee Fordice, and one Devol, who assumed the payment of said mortgage. In November, 1877, what was supposed to be one-half of said debt was paid. In May, 1892, by order of the Floyd Circuit Court, in partition, said real estate, as the property of said Fordice and Devol, was sold to the appellee John B. Lloyd who assumed

said mortgage.  This suit was by the appellant for a personal judgment against said Fordice and Lloyd and the foreclosure of said mortgage against them and the appellee Etta B. Lloyd.  The fourth paragraph of the separate answers each of Fordice and of Lloyd and wife, was as follows: "And the defendants  *  *  by way of amended fourth paragraph of answer herein says that by mistake of the agents of said Fordice as to the rate of interest upon said notes, the said defendant, Fordice, by his agents, paid to the predecessors of the plaintiff in his said trust, interest on the notes mentioned in the complaint at the rate of eight per cent. instead of six per cent.  That such mistake was made in each payment of interest on said notes from the 13th day of November, 1867, until the 11th day of February, 1892, said payments being made annually from said first named date until the date last mentioned; that by reason of the excess of interest so paid by mistake, the defendant is entitled to an annual credit upon the principal of the notes sued on, of thirty-two dollars and fifty-five cents ($32.55), and to a total credit upon the principal of the notes sued on of eight hundred and seventeen dollars and fifty cents ($817.50).  Wherefore he prays judgments, etc."  Upon the overruling of the appellant's demurrers to said answers, for the want of sufficient facts, the appellant filed replies, and the court, upon final hearing, rendered a special finding and gave the appellant judgment and decree for the principal and interest sued for, less the amount found to have been overpaid on account of interest and by reason of said alleged mistake.  The appellant's complaint in this court is of the overruling of said demurrers and in denying him a new trial.

The first proposition advanced is that the answer in question was but a partial answer while pleaded in bar

of the entire cause of action. A well known rule of practice is that which holds that a partial defense pleaded in bar of an entire cause of action is unavailing. However, it is now well settled that where the plea is not, strictly speaking, a defense to the cause of action, but sets up a cross-demand, such as set-off or counterclaim, it is not bad in failing to respond to so much of the claim sued upon as may be in excess of the set-off or counterclaim, though it be directed to the entire cause of action. *Curran* v. *Curran, Admr.*, 40 Ind. 473; *Dodge* v. *Dunham*, 41 Ind. 186; *Mullendore* v. *Scott*, 45 Ind. 113; *Law* v. *Vierling*, 45 Ind. 25.

The appellant assails this answer further because (1) no deceit or concealment was practiced on Fordice; (2) mistake to operate as a defense must be mutual, or it must be shown that surprise or imposition existed; (3) the payments were not shown to have been compulsory or involuntary; (4) Fordice and Floyd were strangers to the original transaction, and could not take advantage of the payment of usurious interest; (5) that demand for repayment should have been alleged.

In *Brown* v. *College Corner, etc., Co.*, 56 Ind. 110, a complaint to recover money paid by mistake of the payor, was held sufficient without allegations of fraud, concealment, mutuality of mistake, or compulsory payment. An objection there expressly made was that no fraud or concealment was alleged, and that if the payor did not know the facts, and the state of the accounts with the payee, it was his neglect, and, therefore, no remedy existed.

It was said in that case : "It is well settled that money paid under a mistake, on the part of the payor, of a material fact, can be recovered back. 2 Chitty Cont., 11 Am. ed., 928, and authorities there cited. On the subject of laches on the part of the party paying the

money, and seeking to recover it back, we quote the following passages from the volume above cited, at page 930. 'And, in the above case, Bayley, J., said: If a party pay money under a mistake of the real facts, and no laches is imputable to him, in respect of his omitting to avail himself of the means of knowledge within his power, he may recover back such money." But the rule on this subject has ceased to be thus limited; it being now held, that the possession of the means of knowledge by the party who paid the money, can be regarded only as affording a strong observation to the jury, to induce them to believe that he had actual knowledge of the circumstances; but that there is no conclusive rule of law, that because a party has the means of knowledge, he has the knowledge itself.'" A similar case is that of *Lewellen* v. *Garrett*, 58 Ind. 442. There the rule of recovery was quoted from *Guild* v. *Baldridge*, 6 Swan (Tenn.) 295, as follows: "'The right of recovery proceeds upon the ground that the plaintiff has paid money, which he was under no obligation to pay, and which the party to whom it was paid had no right either to receive or to retain, and which, had the true state of facts been present in his mind, at the time, he would not have paid.'" In *Worley* v. *Moore*, 97 Ind. 15, the rule recognized was that where the facts showed that the payee could not in good conscience retain the money, it could be recovered. It is true that the opinion stated that in that instance the mistake was mutual, but it was not held that recovery depended upon the mutuality of the mistake, nor was fraud or concealment held to be essential.

In *City of Indianapolis* v. *McAvoy*, 86 Ind. 587, it was held that the failure to employ the means of knowledge which would disclose the mistake does not preclude recovery.

In *Ingalls* v. *Miller*, 121 Ind. 188 (190), is the follow-
ing statement of the rule : "Where money is paid upon
the supposition that a specific fact, which it was sup-
posed would entitle the other to maintain an action, is true,
which fact is not true, an action will lie to recover the
money back, 'upon the ground that the plaintiff has
paid money which he was under no obligation to pay,
and which the party to whom it was paid had no right
either to receive or retain, and which, had the true state
of facts been present in his mind, at the time, he would
not have paid.' *Guild* v. *Baldridge*, 32 Tenn. 293 ; *Lewel-
len* v. *Garrett*, 58 Ind. 442 ; *Brown* v. *College Corner,
etc., G. R. Co.*, 56 Ind. 110 ; *Cross* v. *Herr*, 96 Ind.
96." See also *Grimes* v. *Blake*, 16 Ind. 160 ; 15 Am.
and Eng. Ency. of Law, p. 677 ; *Baltimore, etc., R. R.
Co.* v. *Faunce*, 46 Am. Dec. 655. In the last case it
was held that money paid in consequence of a mistaken
view of the facts, cannot be a voluntary payment. To
the same effect is the rule as stated in Bishop on Con-
tracts, sections 632, 633.

It is clear that in the reformation of contracts which
are alleged to misstate the intention, it must appear that
the mistake is that of all of the parties, otherwise a new
contract would be made, and the terms of the first would
be varied to meet the mind of but one of the parties, and
not to conform to the conditions upon which the minds
of both parties met in the original transaction. But we
do not see any good reason for applying the rule of
mutuality where recovery is sought for moneys paid
under a mistake of fact to one not entitled to receive it.
Suppose the mistake is as to the identity of the creditor,
and money owing to A is paid to, and received by B,
the fact that B does not participate in the mistake, but
submits his willing hands to the receipt of the money
should not, in good conscience, permit B to retain the

money when the debtor discovers his mistake.   Nor do
we observe a better reason for enforcing the rule of
mutuality where the mistake consists in paying to the
proper creditor, by mistake, more than he was entitled to
receive.  But, even where written agreements are sought
to be reformed, the rule as to mutuality of mistake is
not unbending.  In *Roszell* v. *Roszell*, 109 Ind. 354,
(p. 356), it is said : "If it appears that the mistake was
known to one of the parties, who, with knowledge of
the ignorance of the other, nevertheless kept silent when
he should have spoken, the party having knowledge will
be estopped to defeat a reformation by alleging that he
knew that the instrument was different from the agree-
ment."   This proposition, it seems to us, should receive
added force when applied to the case of one who has
received, by the mistake of another, that to which he
was not entitled, but which he may have accepted with
knowledge of the mistake.

In Kerr on Fraud and Mistake, p. 415, the rule is
stated more strongly than is necessary to support our
conclusion.   "Money paid voluntarily, under mistake of
fact, is recoverable both at law and in equity, unless it
be clear that the party making the payment intended to
waive all inquiry into the facts.   It is not enough that
he may have had the means of learning the truth if he
had chosen to make inquiry.  The only limitation is that
he must not waive all inquiry."

The issue tendered by the answer requires no inquiry
as to the collection or recoupment of usurious interest
paid nor as to the privilege of Fordice and Lloyd to take
advantage of any such payments.   The contract rate
was not usurious and the excess was alleged to have
been paid by mistake as to the contract rate and not
pursuant to contract.  It was not essential to the mainten-
ance of the appellees' claim, as pleaded in the answer in

review, that a demand should have been made, before answering, for the repayment of the sums paid by mistake or for credit therefor upon the notes. The suit of the appellant excused the demand, if one was necessary. *Harshman* v. *Mitchell*, 117 Ind. 312; *Stix* v. *Sadler*, 109 Ind. 254; *McClanahan* v. *Williams*, 136 Ind. 30. We are of opinion that the fourth answer of Fordice was not bad for any of the reasons urged against it.

The fourth answer of Lloyd is attacked for all of the reasons pressed against the answer of Fordice and upon the additional objection that Lloyd was not a party to the mistake of Fordice and would not be injured thereby, but that he had notice, by the proceedings in partition, that he was assuming the principal of the debt. The partition proceedings were not before the lower court by the allegations of the answer and could form no basis for an objection to the answer. The answer responded to the complaint which, in theory, charged both Lloyd and Fordice as privies to the transaction with the original debtor and the answer was not objectionable in pleading facts which showed that the assumption was of a debt diminished by payments and by the existence of claims which should be deemed a compensation, in part, of the claim sued upon.

The question is suggested that the judgment was not sustained by the evidence. The well known rule that this court will not weigh the evidence and pass upon the question of its weight and preponderance renders it necessary only that we should ascertain that there was evidence supporting the judgment. The evidence without conflict shows that the notes provided but six *per centum* as interest and that the payments made were at the rate of eight *per centum*. It also appears that for one or two years, of the payments by Fordice, he paid eight *per centum* in currency as the equivalent of six

*per centum* in gold, gold then bearing a premium, and that subsequently his payments were gauged by the amount he had first paid, though gold did not then bear a premium, and were made by his agents who were governed by the former payments and did not know the contract rate. This it seems is sufficient to bring the case within the rules suggested with reference to the sufficiency of the answer of Fordice.

Finding no error in the record, the judgment is affirmed.

Filed September 17, 1895.

## On Petition for Rehearing.

Hackney, J.—On the original hearing it was expressly conceded by appellant's learned counsel that interest had been paid upon the note sued on, in excess of the contract rate, for the period of twenty-one years. In the judgment of the circuit court, there were allowed credits for such excessive payments, for thirteen years. Upon the propositions stated in the original opinion, the appellant insisted that all credits so allowed were erroneous. There was no effort to discriminate between credits, but all were treated as occupying the same status, and required to stand or fall by the strength of the propositions so stated. Now appellant seeks a rehearing, insisting that we take up two or three of the many credits and consider the evidence with reference to them separately, and to hold that they were not supported. In other words, the existence of evidence, admitting credits generally, was denied upon the theories stated in the original opinion, and now it is insisted that particular credits were not authorized by the evidence, upon the same theories. We held against the abstract theories of the appellant, and found evidence supporting— not merely tending to support—credits generally, upon

the question of a mistake in the making of excessive payments.

Upon the question now presented, the rule of practice is well established by this court, that points not specifically made in the original briefs, cannot be made on petition for a rehearing. See Elliott App. Proced., section 557, and authorities cited. We decline, therefore, to again look into the evidence, and upon this question hold that appellant has waived the inquiry. Other questions are suggested by counsel, but as they were fully considered and decided on the original hearing, and adhering to the conclusions then reached, the petition is overruled.

Filed November 6, 1895.