TIMOTHY HOYLE v. EDWARD L. PAGE, ADM'R, ET AL.

*Compound interest—Comp. L., § 1637.*

In Michigan, interest cannot be compounded by virtue of any provision in the obligation on which it accrues, in the absence of any statute providing for it.

Comp. L., § 1637 providing that interest may be compounded on overdue installments of interest upon any note, bond, mortgage or other written contract, contemplates cases in which installments of interest fall due by themselves and can be demanded apart from the principal, and does not apply to an obligation falling due in "one year with annual interest."

After interest has accrued a promise to pay interest upon it may be valid; and interest may perhaps be recovered upon separate or severable contracts for future interest to become due at a certain time, such as coupons attached to negotiable paper.

Appeal from Jackson. Submitted July 2. Decided Oct. 8.

FORECLOSURE. Defendants appeal.

*Melville McGee* for complainant. "Annual interest" means interest payable annually, Chitty on Bills, 664; *Greenleaf v. Kellogg*, 2 Mass., 568; *Fake v. Eddy*, 15 Wend., 76; *Catlin v. Lyman*, 16 Vt., 44; where a contract provides for the payment of interest annually, interest runs on the annual interest from the time it becomes due until paid, *Hollingsworth v. Detroit*, 3 McL., 472; *Anketel v. Converse*, 17 Ohio St., 11; *Kennon v. Dickens*, Cam. & Nor. (N. C.), 357; it is not illegal to stipulate that interest as it becomes due shall be converted into principal and carry interest, Ord on Usury, 36; *Bainbridge v. Wilcocks*, 1 Baldw., 536; a note for overdue interest can be enforced, *Kellogg v. Hickok*, 1 Wend., 521.

*Austin Blair* for defendants. Agreements for compound interest are usurious and oppressive (*Henry v. Flagg*, 13 Met., 64; *Childers v. Deane*, 4 Rand., 406; 2 Pars. Cont., 427–8, 430), especially in equity, *Perkins*

*v. Coleman,* 51 Miss., 298; 1 Amer. Lead. Cas., 523; compound interest is not allowable upon a mortgage that is not payable in installments, *Re Bartenbach,* 11 N. B. R., 61; 2 Amer. L. T. Rep., 33; *Brewster v. Wakefield,* 22 How., 118.

COOLEY, J. · The questions involved in this case are questions of compound interest.

The suit is to enforce the payment of two obligations, by the first of which the obligor promises to pay "fourteen hundred dollars on or before ten years from date, with annual interest at the rate of ten per cent. per annum, and in case said interest is not paid at the end of each year, it is expressly agreed that said interest shall become principal and draw interest at the rate aforesaid," &c. This was dated May 23, 1868.

At the date of this obligation there was no statute in this State expressly providing for the compounding of interest, and it has been generally believed that it was not competent without such a statute to make a valid contract in advance for interest upon overdue installments of interest. Such was the conclusion of Chancellor Kent at an early day; *Connecticut v. Jackson,* 1 Johns. Ch., 13; *Van Benschooten v. Lawson,* 6 Johns. Ch., 314; and his conclusion seemed to commend itself to the judgment of our people, as it did to that of judicial tribunals of other States. *Sparks v. Garrigues,* 1 Binn., 165; *Stokely v. Thompson,* 34 Penn. St., 210; *Hastings v. Wiswall,* 8 Mass., 455; *Von Hemert v. Porter,* 11 Met., 210; *Ferry v. Ferry,* 2 Cush., 92; *Doe v. Warren,* 7 Me., 48; *Niles v. The Board, &c.,* 8 Blackf., 159; *Grimes v. Blake,* 16 Ind., 160; *Leonard v. Villars,* 23 Ill., 377. The judgment of Chancellor Kent has recently been criticised in New York, but it has been affirmed by a majority of the Court of Appeals after full discussion. *Young v. Hill,* 67 N. Y., 162. In New Hampshire a different conclusion was reached at an early day: *Peirce v. Rowe,* 1 N. H., 179: and this case has been followed in some

states: *Austin v. Imus,* 23 Vt., 286; *Preston v. Walker,* 26 Iowa, 205; *Lewis v. Paschal,* 37 Tex., 315; *Bledsoe v. Nixon,* 69 N. C., 89: and it is. not disputed anywhere that after the interest has accrued, a valid promise may be made to pay interest upon it. *Camp v. Bates,* 11 Conn., 487; *Wilcox v. Howland,* 23 Pick., 167; *Stewart v. Petree,* 55 N. Y., 621. That coupons attached to negotiable paper may draw interest after dishonor is held in some cases; *Gelpcke v. Dubuque,* 1 Wal., 175; *Mills v. Jefferson,* 20 Wis., 50; but these coupons are for many purposes a severable contract, and are in the nature of notes given in advance for interest to become due at a certain time. The authority thus to give a separate or severable contract for future interest was never doubted, and we have no occasion—even if we were so disposed— to question in this suit the soundness of the decisions that have held interest recoverable upon them. We are satisfied with the New York rule which forbids the compounding of interest by virtue of any provision in the obligation on which the interest accrues, and are therefore of opinion that the court erred in allowing compound interest on the obligation above mentioned.

The second obligation was a mortgage dated February 24, 1872, by which the mortgagor was to pay to the mortgagee the sum of six hundred and sixty-eight dollars and sixty-six cents "one year after date with annual interest at ten per cent." This mortgage, it will be perceived, was given after the passage of the act of 1869—Comp. L., § 1637—by which it is provided "That when any installment of interest upon any note, bond, mortgage or other written contract shall. have become due, and the same shall remain unpaid, interest may be computed and collected on any such installment so due and unpaid, from the time at which it became due, at the same rate as specified in any such note, bond, mortgage or other written contract, not exceeding ten per cent; and if no rate of interest be specified in such

mstrument, then at the rate of seven per centum per annum."

Neither principal nor interest was paid on this mortgage when it fell due, and the circuit court computed and allowed compound interest upon it. We think the court erred. There were no installments of interest to come due on this mortgage: it was payable, principal and interest, all at one time. Every day after the year was completed, the principal with interest up to that day was overdue; no more overdue at the end of the second year than it was on any day within the year preceding, and therefore no more payable in yearly installments than in monthly or weekly installments. The statute contemplates cases in which payments of interest fall due by themselves, and may be demanded separate from the principal; but that was not the case here: the principal and interest constituted at all times one debt, and any demand or suit for it must have embraced the whole. The words "annual interest at ten per cent" in such an obligation can mean no more than this; that the interest shall be computed at ten per centum per annum: they cannot be read as providing for successive installments of interest when the principal itself is to be paid at the end of the first year.

Our conclusion is that the court erred in allowing anything more than simple interest on either obligation; and the decree must be modified accordingly. The defendants will recover the costs of this court.

The other Justices concurred.