## EDWARD W. VOIGT v. JACOB BELLER AND MAGDALENA BELLER.

*Compound interest.*

1. How. Stat. § 1599 in permitting interest to be compounded on instalments that fall due separately under some written contract, does not apply to new interest that accrues merely by lapse of time after the maturity of the debt.

2. An interest account cannot be scrutinized on appeal to see if the party who has not appealed has not paid more than was due.

Appeal from Wayne.  (Full court.)  Jan. 15.—Jan. 28.

FORECLOSURE bill.  Complainant appeals.  Affirmed.

*Griffin & Warner* for complainant.

*Moore & Canfield* for defendants.

CAMPBELL, J.  In this case defendants gave a mortgage in July 1877 payable in two years with semi-annual interest.  It became due July 24, 1879.  The parties had various other dealings, and in July 1884 defendants paid complainant in

full for the remainder of principal and interest on this mortgage, and costs, the sum of $5464.64 which is conceded to be all that was due unless interest can be treated as continuing to accrue at semi-annual periods after the maturity of the debt, and to form at each semi-annual period a new principal drawing interest.

It was held in *Hoyle v. Page* 41 Mich. 533, that interest cannot be compounded without statutory authority, and our statute (How. Stat. § 1599) only covers cases where installments become separately due by virtue of some " written contract." All the payments due under the written contract now in question accrued on or before July 24, 1879. The statute does not contemplate compounding in the ordinary sense, but only the payment of interest on what, being sums certain' expressly provided for by the contract, are allowed to be treated as separate debts for purposes of interest. But the new interest accruing merely by lapse of time cannot be converted into principal, because it is not covered by the statute, as there explained. And, in the present case while we are satisfied there was no agreement even verbally to treat future interest after default as semiannual installments, that point is not very material, because the statute does not include verbal contracts.

As Beller and wife have not appealed we cannot scrutinize the interest account on which they paid their money to complainant, to ascertain whether he has not been, as seems probable, overpaid. The stipulation on which the court below acted left any claim for deduction abandoned. That court held correctly in refusing to allow any compounding for the interest which accrued after the maturity of the bond. .

The decree must be affirmed with costs.

The other Justices concurred.