## George H. Rix v. Elizabeth Strauts.

*Computation of interest under How. Stat. § 1599.*

Where by the terms of a written contract interest is payable by installments at fixed periods, and separate from principal, simple interest will be allowed on each installment at the contract rate, until paid. How. Stat. § 1599.[1]

But where no interest is payable until the principal becomes due, no interest will be allowed except on the principal. [2]

Appeal from Van Buren. (Mills, J.) Argued January 7, 1886. Decided January 27, 1886. Decree modified.

*Lester A. Tabor*, for complainant.

*Crane & Breck*, for defendant.

---

[1] See Hoyle v. Page, 41 Mich. 533; Voigt v. Beller, 56 Mich. 141.
[2] Head note prepared by CAMPBELL, C. J.

CAMPBELL, C. J.   This was a bill filed to avoid certain irregular and excessive foreclosure proceedings and obtain a transfer of a two-thirds interest in certain notes and mortgages held by defendant.   One note was for $500, dated October 26, 1875, made by Henry A. Rogers, payable five years after date, with semi-annual interest at nine per cent. per annum, the installments due on the fifteenth of January and July of each year.   The other note was for $500, between the same parties, dated November 1, 1876, payable five years after date, " with interest at the rate of nine per cent. per annum."   Upon the first note interest seems to have been paid to January, 1879, although an indorsement would indicate that perhaps it was paid to July of that year, but this is doubtful.   Upon the second note there were no payments.

As the court below decreed that complainant was entitled to a transfer, on payment of two-thirds of the amount due on these notes, the only question is whether the amounts fixed were correct.   Some question was made of a tender, but we agree with the court below that no proper tender was made out which would stop interest.   The interest was cast below up to June 15, 1885, and that date may be conveniently taken as a point for calculation.

Under section 1599 of Howell's Statutes it is provided that interest may be computed on any defaulted installment of interest at the rate specified in the contract.   This interest on interest cannot be further compounded, and only runs upon each installment fixed by the contract.   Upon the first of these notes interest, in addition to the installments themselves, should be calculated on the sums due January 15, 1879, July 15, 1879, January 15, 1880, and July 15, 1880. Upon that note there would be due interest at nine per cent. on $500 from January 15, 1879, to June 15, 1885, or six years and five months, and interest on the semi-annual installments of $22.50 each, amounting in the aggregate to twenty-two years nine months on $22.50.   This interest amounts to $334.81, making the whole amount $834.81, two-thirds of which would be $556.54, on June 15, 1885.

The second note does not provide for installments of inter-

est, and whatever may have been the supposed understanding of the parties, the statute does not allow interest on interest, unless there are installments provided for in writing. The amount due on the second note is therefore $500, with simple interest at nine per cent. from its date,—that is, from November 1, 1876, to June 15, 1885, being eight years six months and fourteen days, making $384.23, which added to the principal makes $884.23, two-thirds of which is $589.49.

The whole amount due for two-thirds of both these notes is $1,146.03, instead of $1,280, as fixed by the decree below which must be modified accordingly, complainant receiving costs of both courts.

MORSE and SHERWOOD, JJ., concurred.

CHAMPLIN, J., did not sit.

A motion for a rehearing was denied in this case, February 18, 1886. No opinion filed.