WILLIAM BUCHTEL v. LYMAN G. MASON AND CHARLES S. DAVIS.

*Compound interest—Installments.*

Interest on a note, the *entire* principal of which matures at a given date, runs from the date of the note until paid, and cannot be added to the principal at maturity, as in case of a note payable in installments.

Error to Muskegon. (Russell, J.) Argued November 4, 1887. Decided November 10, 1887.

Assumpsit. Defendants bring error. Reversed, and judgment entered for plaintiff for the true amount due. The facts are stated in the opinion.

*Delano & Bunker*, for appellants.

*Smith, Nims, Hoyt & Erwin*, for plaintiff.

SHERWOOD, J. The plaintiff brought suit in assumpsit against the defendants in the Muskegon circuit, to recover the amount due upon a promissory note, of which the following is a copy:

"$1,500.            MUSKEGON, MICH., July 1, 1880.
"Twenty-six months after date we promise to pay to the order of William Buchtel fifteen hundred dollars, at the Bank of Akron, Ohio, value received, with interest.
                                "L. G. MASON.
                                "C. S. DAVIS."

The declaration was upon the common counts. Plea, general issue.

On the twenty-first day of March last, the cause was tried, and judgment rendered for the plaintiff for the sum of $2,278.50, the court holding, as matter of law, that interest should be computed on the $1,500 until it became due, and upon the principal with the interest added from that date until the time of rendering judgment.

To this ruling counsel for the defendants excepted, and claimed, as no installment of either principal or interest was payable until the note matured, when both became due, the interest should have been computed on the note, at the rate of 7 per cent. per annum, from its date, and which, added to the principal, should have been the amount for which judgment should have been rendered.

We think the amount should have been computed upon the note as claimed by the defendants' counsel, and the circuit judge erred in holding otherwise. *Hoyle v. Page,* 41 Mich. 533; *Rix v. Strauts,* 59 Id. 364; *Voigt v. Beller* 56 Id. 140; *In re Bartenbach,* 11 N. B. R. 61; *Brewster v. Wakefield,* 22 How. 118; *Hart v. Dorman,* 50 Amer. Dec. 285.

The judgment must be reversed, and judgment will be entered in this Court in favor of the plaintiff for the amount found to be due upon the note on a computation of the interest in accordance with the rule herein suggested, and the defendants must be allowed their costs in this Court, and the plaintiff his in the court below, to he taxed by the clerk of this Court.

CHAMPLIN and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.