JULIA WALLACE v. PETER GLASER ET AL.

*Interest—Partial payments—Compound interest.*

1. The rule adopted. in this State for the computation of interest in case of partial payments is to apply the payment in discharge of the matured interest, and the surplus, if any, upon the principal, after which interest is computed on the *new* principal; but if the accrued interest exceeds the payment, the surplus must not be added to the principal, but interest will be computed on the former principal until the aggregate payments exceed the interest due, when the surplus will be applied upon the principal, after which interest will be computed on the new principal.

2. Under How. Stat. § 1599, allowing interest to be computed upon interest after it matures, such computation can continue only until the debt matures, after which simple interest is to be cast upon the principal until the time of liquidation.[1]

Appeal from Ingham. (Peck, J.) Submitted on briefs June 25, 1890. Decided August 1, 1890.

Bill to foreclose a mortgage. Defendants appeal. Affirmed. The facts are stated in the opinion.

*B. D. York* (*G. R. Lyon*, of counsel), for complainant, contended for the doctrine stated in the opinion.

*E. D. Lewis*, for defendants, cited no authorities.

CHAMPLIN, C. J. Complainant filed her bill of complaint in the circuit court for the county of Ingham, in chancery, to foreclose a mortgage given by defendant Peter Glaser to Lucy Gurney, and by Gurney assigned to complainant. The mortgage was in the usual form, accompanied by a note, and was given to secure the payment of the balance of the purchase price of the mort-

---

[1] See *McVicar v. Denison*, 81 Mich. 348.

gaged premises. Joanna Glaser is the wife of the mortgagor, and Peter Linn is a subsequent mortgagee.

The only question in the case is how the interest should be computed upon the mortgage debt; the amount of the principal being undisputed. The difference in the amount claimed to be due arose solely from a disagreement as to the method of computing the interest. The commissioner to whom the case was referred computed the interest under what is known as the Connecticut rule; that is, he reckoned interest upon the principal up to the liquidation of the indebtedness, and then computed the interest on payments up to the same time, deducting the latter amount from the principal and interest. The rule as claimed by the complainant, and adopted by the circuit court, was the one which is sometimes called the Massachusetts or the United States rule, and was laid down by Chancellor Kent as follows:

"When partial payments have been made, apply the payment, in the first place, to the discharging of the interest then due. If the payment exceeds the interest, the surplus goes towards discharging the principal, and the subsequent interest is to be computed on the balance of the principal remaining due. If the payment be less than the interest, the surplus of interest must not be taken to augment the principal, but the interest continues on the former principal until the period when the payments, taken together, exceed the interest due, and then the surplus is to be applied towards discharging the principal, and interest is to be computed on the balance as aforesaid."

This rule was adopted by this Court in *Payne v. Avery*, 21 Mich. 524, and is the rule recognized in most of the states. We think that the circuit court was right in its manner of computing interest, and that it reached the right conclusion.

Under the statute (How. Stat. § 1599) allowing interest to be computed upon interest after it matures, such

computation can continue only until the debt matures,. and from that time simple interest is to be cast upon the principal until the time of liquidation.

It follows that the decree of the circuit court must be affirmed, with costs.

MORSE, CAHILL, and LONG, JJ., concurred. GRANT, J., did not sit.