LOWE *v.* SCHUYLER.

1. MORTGAGES—FORECLOSURE—INJUNCTION—USURY—ACCOUNTING.
    Defendant loaned the complainant a sum of money for which he took four promissory notes bearing interest at 7 per cent. and requiring the mortgagee to pay all taxes assessed on account of the mortgage and notes. Complainant made irregular payments upon the obligation, although he did not carry out the provisions of the instrument and became delinquent. There were two mortgages securing the amount of the loan and defendant commenced foreclosure proceedings by advertisement, claiming an excessive amount. Upon complainant's filing a bill to restrain foreclosure and for an accounting and alleging usury, the court granted complainant, mortgagor, permission to redeem upon the payment of an amount less than that claimed by the mortgagee. *Held*, that general averments in complainant's bill setting up the excessiveness of defendant's claim and asking for an accounting and charging usury were

sufficient to raise the issue as to the amount due to the defendant.

2. USURY—MORTGAGES—ORAL AGREEMENT.

While a valid agreement may be made to pay interest upon past due interest in consideration of an extension of time for payment, the contract must be in writing under the statutes of this State, which do not authorize interest upon interest in the case of oral contracts.

3. SAME—INTEREST—COMPOUND INTEREST.

In computing interest no sum can be allowed on interest after the maturity of the debt; therefore simple interest alone is due upon the principal sum until the date of settlement.

Appeal from Muskegon; Sullivan, J. Submitted June 25, 1915. (Docket No. 75.) Decided July 23, 1915.

Bill by James F. Lowe against Estella A. Schuyler to restrain foreclosure of a mortgage by advertisement. From a decree for the complainant defendant appeals. Affirmed.

*Clink & Farmer*, for complainant.

*Hatch, McAllister & Raymond*, for defendant.

STEERE, J. Complainant filed this bill to restrain statutory foreclosure of a real estate mortgage for an alleged excessive amount, and for an accounting to determine what amount, if any, was due from him to defendant upon said mortgage. On August 7, 1894, defendant loaned the complainant $340, taking three promissory notes therefor, payable successively in 3, 4, and 5 years, secured by a mortgage upon his farm. These notes bore interest at 7 per cent., and the mortgage required complainant to pay all taxes assessed on account of said mortgage and notes. Three days later she loaned him $100 secured by a second mortgage payable in 6 years. Payments were credited upon this mortgage from time to time, and it was discharged

March 28, 1910. It only came into this case in connection with the accounting, where it became necessary to distinguish and eliminate payments made upon it, in the mutual accounts between the parties, from other credits complainant was entitled to, and which should be applied upon the first mortgage. Complainant, from time to time, but irregularly, made payments in labor and money, but failed to fully meet his payments, either as they fell due or subsequently, and became long delinquent. On November 1, 1913, defendant instituted statutory foreclosure proceedings by advertisement, claiming the amount due and unpaid on said mortgage to be $616.87.

On November 26, 1913, complainant filed this bill, alleging dealings and transactions between the parties upon open account involving mutual credits; that complainant had fully paid defendant all sums due upon the open account and also sums to be applied upon said mortgage; that there was no such amount due upon said mortgage as stated in the statutory foreclosure demand, and asking for an accounting between the parties to determine the amount, if any, due and owing to defendant upon said mortgage and notes, offering to pay any balance found in defendant's favor, and asking leave to redeem from said foreclosure. Defendant answered, denying any dealings or transactions between the parties on an open account; alleging that all payments in labor or money made by complainant on said mortgage had been duly credited; that there remained due and unpaid upon said mortgage the full amount stated and demanded in the statutory foreclosure; denied that complainant had in his bill made or stated any case entitling him to relief in a court of equity, and on that ground asked the benefit of a demurrer.

The case was heard upon pleadings and proofs taken in open court. The testimony related to various trans-

actions between the parties extending over the years this mortgage was running, involving services rendered, money paid, credits given, and indulgence granted by her upon the mortgage, taxes paid by each at different times upon the land covered by the mortgage, and numerous talks, promises, and understandings reached between the parties at different times, not necessary to further state here. In the final analysis, there was little, if any, disagreement, as to time and amount of payments made and credits given, or the amount of principal yet unpaid on the mortgage.

Complainant contended in the trial court that the loan was usurious, owing to the provision requiring him to pay taxes on the mortgage, the rate of which, added to the interest stipulated, exceeded the interest rate allowed by law, and also urged a certain method of computation of interest on partial payments more favorable to him than that contended for by defendant.

Complainant's method for computing interest and contention that the loan was usurious were not sustained by the trial court, which found, practically without question by either side, that payments had been made upon the mortgage amounting to $291.42; then proceeded to compute interest under the rule stated in *Wallace* v. *Glaser,* 82 Mich. 190 (46 N. W. 227, 21 Am. St. Rep. 556), and found unpaid and due upon said mortgage the sum of $517.97. Complainant was granted permission to redeem from the statutory foreclosure, within a stated time, upon payment of that amount, with subsequent interest, and all costs of said foreclosure; the decree being without costs to either party in this suit.

From this decree defendant appealed, contending, as stated in her counsel's brief:

"*First.* That the relief administered by the court was based upon issues not made by the pleadings.

"*Second.* That the contract was not in fact usurious,

187 Mich.—34.

and even though it were, that that question is not within the issues made by the pleadings, and that in any event the complainant, not having appealed, could not ask for relief on that ground from this court; the relief granted below being based solely upon a claimed incorrect computation of interest.

"*Third.* That the computation of interest in the statutory foreclosure proceedings was correct."

We are unable to accept defendant's view that the relief administered by the court was based upon issues not made by the pleadings. That complainant pleaded and unsuccessfully gave prominence to his claim of usury at the hearing is true, but it is alleged in his bill, and was also insisted upon at the hearing, that while defendant claimed and sought to foreclose the mortgage for $616.87 "in fact there is no such amount due upon said indenture of mortgage, either for principal or interest, nor any amount," and the bill prays that defendant "may come to a just and equitable account with your orator as to the amount of money due and owing to her upon said indenture of mortgage and notes, if any, your orator being ready and willing and hereby offering to pay   *   *   *   whatever sum shall be found to be due and owing to her on said indenture of mortgage and notes." While the court refused to grant the principal relief which complainant sought, we think the bill is broad enough to cover the partial relief granted. That an excess which complainant assumed, claimed and at first sought to show arose from failure to give full credit for payments made, turned out, so far as the court found any excess on an accounting, to have been occasioned by an improper method of computation, did not preclude the court from granting relief to the extent of the excess thus found, and was fairly within the issue raised by the allegation that no such amount as defendant claimed was due upon the mortgage "either for principal or

interest." Inasmuch as complainant's contentions as to usury and method of computation were overruled by the trial court and he has not appealed, there is nothing before this court for consideration upon those propositions.

It is insisted defendant's computation of amount in the statutory foreclosure is justified by *Rix* v. *Strauts,* 59 Mich. 364 (26 N. W. 638), and also an agreement by complainant to pay interest on interest after the indebtedness became due, in consideration of forbearance, or extension of time; citing *Gay* v. *Berkey,* 137 Mich. 658 (100 N. W. 920). It is unquestionably the rule in this State that a valid agreement may be made to pay interest upon past due interest in consideration of extension of time, but the claimed agreement in this case was oral. The statute authorizing interest upon interest in cases of this kind does not include or contemplate verbal contracts. *Voigt* v. *Beller,* 56 Mich. 140 (22 N. W. 270).

Apparently, and as computed by the trial court, defendant's method of computing partial payments results in an interest rate forbidden by law; but aside from that consideration it includes interest on interest beyond that authorized by the statute as finally construed and settled in *Wallace* v. *Glaser, supra,* which fully establishes in this State the so-called United States, or Massachusetts, rule. Not only does this case hold that computation of interest on interest can only continue until the debt matures and from that time simple interest be cast upon the principal until the time of liquidation, but this construction finds support in the preceding cases of *Buchtel* v. *Mason,* 67 Mich. 605 (35 N. W. 172), and *McVicar* v. *Denison,* 81 Mich. 348 (45 N. W. 659). The notes in this case fell due at different times, and in computing interest upon them each should be treated as a separate debt.

Whatever opportunity for a different construction

of the statute or uncertainty as to the proper rule for computing interest on interest may have arisen under previous decisions, the rule announced in *Wallace* v. *Glaser, supra,* is, and has been for a quarter of a century, the law of this State, and we conclude the learned circuit judge who heard this case made a proper application of that rule.

The decree is affirmed, with costs of this court to complainant.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.