ROUSE *v*. JENNINGS.

1. Pawnbrokers and Money Lenders—Small-Loan Act.

License under small-loan act to make small loans does not bar licensee from making other loans at regular and lawful rates of interest (3 Comp. Laws 1929, § 12210).

2. Interest—Promise to Pay Interest on Interest.

After interest has accrued, valid promise may be made to pay interest upon it.

3. Pawnbrokers and Money Lenders—Small-Loan Act—Compound Interest.

Where licensee under small loan act loaned $300 at 3½ per cent. per month, and, when note fell due, renewed it at same interest rate and took new note for unpaid past-due interest and for new loan of $60 at 7 per cent. per annum, there was no violation of small loan act as to amount of loan, nor was interest compounded within sense of statute (3 Comp. Laws 1929, § 12210).

4. APPEAL AND ERROR—POINT NOT ALLEGED IN CLAIM OF APPEAL NOT CONSIDERED.

> Point not alleged as error in claim of appeal is not before Supreme Court for consideration (Court Rule No. 59, § 3d [1931]).

Appeal from Ingham; Collingwood (Charles B.), J. Submitted April 5, 1933. (Docket No. 23, Calendar No. 36,843.) Decided June 5, 1933.

Replevin by Nelson N. Rouse against Daniel D. Jennings and another to recover possession of chattels mortgaged to secure payment of notes made under small-loan act, 3 Comp. Laws 1929, § 12198 *et seq.* Judgment for plaintiff. Defendants appeal. Affirmed.

*Hood & Seelye* (*Pierce & Planck,* of counsel), for plaintiff.

*Warner & Converse,* for defendants.

WIEST, J. We take the following statement of facts from defendants' brief:

"Plaintiff was licensed under Act No. 317, Pub. Acts 1921, as amended (3 Comp. Laws 1929, § 12198 *et seq.*), to make loans of $300 or less and charge interest thereon at three and one-half per cent. per month. On November 15, 1929, he loaned defendants $300 at three and one-half per cent. per month secured by a chattel mortgage. On April 4, 1931, there was due on the note $300 for principal and $125 for interest. On that date he loaned defendants $60 more and took two notes, one for $300, with interest at three and one-half per cent. per month, secured by a chattel mortgage, and a second one for $185, covering the $60 additional loan and $125 due for interest on the $300 note given in Novem-

ber (1929). This note was also secured by a chattel mortgage covering the same property described in the other mortgage and also certain crops. Both notes were due six months after date.

"The note for $300 was not paid when due and plaintiff took the chattels covered by the mortgage in replevin proceedings, claiming $300 with interest at three and one-half per cent. per month. Defendants answered contending that said notes and chattel mortgages were void because the plaintiff loaned more than $300 for principal and charged three and one-half per cent. per month on a portion thereof, in violation of the statute above mentioned.

"These notes were both signed by the wife, but the loan was not for her personal benefit."

Defendants contend that the loans violated the provisions of 3 Comp. Laws 1929, § 12210, reading:

"No licensee shall, directly or indirectly, charge, contract for, or receive any interest or consideration greater than seven per centum per annum upon the loan, use, or forbearance of money, goods, or things in action, or upon the loan, use, or sale of credit, of the amount or value of more than three hundred dollars. The foregoing prohibition shall also apply to any licensee who permits any person, as borrower, or as indorser, guarantor, or surety for any borrower, or otherwise, to owe, directly or contingently, or both, to the licensee at any time the sum of more than three hundred dollars for principal."

Defendants also claim that the loans were voided by that part of the same section reading:

"If interest or charges in excess of those permitted by this act shall be charged, contracted for, or received, the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever."

The initial loan was legitimate. The renewal note, standing alone, was legitimate, and that note is the one in suit. Plaintiff complied strictly with the statute in limiting the loan at the high rate of interest to $300, and violated no law in granting renewal thereof, and, in addition, lending $60 at the legal rate of interest. Plaintiff's license to make small loans did not bar him from making other loans at regular and lawful rates of interest. The accrued interest on the initial note was simply money due and payable to plaintiff. Instead of paying the accrued interest on the obligation at maturity, defendants, by their note, retained use of the money and agreed to pay interest thereon at seven per cent.

Defendants contend that, by including the accrued interest of $125 in the note for $185, and providing for interest thereon at seven per cent. per annum, plaintiff compounded interest in violation of another provision of section 12210, reading:

"Interest shall not be payable in advance or compounded and shall be computed on unpaid balances."

The interest was not payable in advance, neither was it compounded within the sense of the statute. Plaintiff has not charged interest on interest.

Justice Cooley said in *Hoyle* v. *Page,* 41 Mich. 533:

"It is not disputed anywhere that after the interest has accrued, a valid promise may be made to pay interest upon it."

The mentioned statute contemplates instances in which payments of interest are made to fall due by themselves at stated rests or intervals, and, therefore, demandable before maturity of the principal. The provision in the small loan act is intended to remove loans made thereunder from the general

statute, 2 Comp. Laws 1929, § 9243, which permits unpaid instalments of interest upon certain obligations to draw interest, if the parties so agree in writing.

When the initial note fell due, plaintiff was at liberty to renew it in a sum not exceeding $300, under the small loan act, and had a right to take defendants' note for the unpaid interest (*Hoyle* v. *Page, supra; Gay* v. *Berkey,* 137 Mich. 658; *Lowe* v. *Schuyler,* 187 Mich. 526), inclusive of a new loan of $60, drawing interest at seven per cent. per annum.

Counsel for defendants claim judgment should not have been entered against Mrs. Jennings. This point is not alleged as error in the claim of appeal, and under Court Rule No. 59, § 3d (1931), is not before us for consideration.

The judgment entered in the circuit court is not in proper form in replevin.

The judgment is affirmed, with costs, and the case remanded for correction of judgment.

McDonald, C. J., and Clark, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred.