HOUSEHOLD FINANCE CORPORATION, Plaintiff, *v.* JACK GOLDRING and FRANCES GOLDRING, Defendants.

First Department, March 13, 1942.

*George Z. Medalie* of counsel [*Louis W. Bookheim, Jr.*, with him on the brief; *John C. McDermott*, attorney], for the plaintiff.

*Archibald Bromsen* of counsel [*Irving S. Bobrow* with him on the brief; *Archibald Bromsen*, attorney], for the defendants.

UNTERMYER, J. This controversy, submitted by the parties upon an agreed statement of facts, involves the interpretation of section 352 of the Banking Law, frequently referred to as the Small Loans Act.

On December 21, 1939, the defendants borrowed $120 from the plaintiff, a duly licensed lender, on their note payable in twenty equal monthly installments with interest at the rate of two and one-half per cent on any unpaid principal balance. By November 9, 1940, the defendants had paid ten installments of $7.70 each and on that date requested the plaintiff to make a new loan of $125. The plaintiff canceled the old note on which there was due a balance of $68.42 and added to it the sum of forty-six cents for interest from November 1 to November 9, 1940, making a total of $68.88. It then paid to the defendants the balance of $56.12 of the proceeds of the loan.

The defendants failed to make any payments on the new note, contending that when the plaintiff deducted forty-six cents for interest from the proceeds of the loan there was a compounding of interest in violation of section 352 of the Banking Law and that by reason thereof the loan was void and the plaintiff could not collect either principal or interest as further provided in section 352.

Section 352 of the Banking Law, so far as material, provides as follows:

" No interest, consideration, or charge for the use of money shall be deducted or received in advance or compounded, and all interest, consideration and charges for the use of money shall be computed on unpaid principal balances.  *  *  *

" If any interest, consideration or charges in excess of those permitted by this act are charged, contracted for, or received the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever."

Section 358 of the Banking Law also provides:

" Any person, co-partnership, association, or corporation and the several members, officers, directors, agents, and employees thereof, who shall violate or participate in the violation of any of the provisions of sections  *  *  *  three hundred and fifty-two  *  *  *  of this chapter shall be guilty of a misdemeanor.  Nothing in this section is to be deemed to include the borrower.

" Any contract of loan not invalid for any other reason, in the making or collection of which any act shall have been done which constitutes a misdemeanor under this section, shall be void and the lender shall have no right to collect or receive any principal, interest, or charges whatsoever."

The principal question to be determined is whether the transaction which we have described constituted the compounding of interest within the meaning of section 352 in that the sum of forty-six cents, representing interest which had accrued between November 1 and November 9, 1940, on the loan which was then

discharged, was deducted from the proceeds of the new loan of $125. The courts of this State have never directly decided this question and decisions in other States seem to be in conflict. The courts of Georgia, Pennsylvania and Missouri have held such transactions to constitute the compounding of interest (*Frazier* v. *City Inv. Co.*, 42 Ga. App. 585; 157 S. E. 102; *Lanier* v. *Consolidated Loan & Finance Co.*, 47 Ga. App. 148; 170 S. E. 99; *Commonwealth* v. *State Loan Corp*, 116 Penn. Super. Ct. 365; 176 A. 516; *Vaughn* v. *Graham*, 234 Mo. App. 781; 121 S. W. [2d] 222), and these decisions were followed and applied to the New York statute by the United States Circuit Court of Appeals for the Second Circuit (*Madison Personal Loan* v. *Parker*, 124 F. [2d] 143). The courts of Michigan and an unreported decision of the Superior Criminal Court of Massachusetts appear, however, to have held to the contrary. (*Rouse* v. *Jennings*, 263 Mich. 609; 249 N. W. 10; *Commonwealth* v. *Globe Discount & Finance Corp.*, decided May, 1940, Superior Criminal Court, Mass., unreported.) It will, therefore, be the duty of the courts of this State to interpret the statute.

It is not disputed and was, indeed, conceded on the argument, that if the defendants had paid their earlier note together with the accrued interest of forty-six cents, and had thereupon borrowed from the plaintiff the full amount thus paid or any other sum, no question of compounding interest would arise. It is contended, however, that because the balance of the earlier note together with the interest of forty-six cents was not paid in cash to the lender but was deducted from the proceeds of the new loan, interest has been compounded and the note is void. The realist must at once suspect that there is something wrong in such a paradox and that, both in theory and in practice, the transactions are identical. When the lender deducts the accrued interest from the proceeds of a new loan, the transaction differs in no respect from a payment of the interest in cash. (Compare *Mills* v. *Equitable Life Assurance Soc. of U. S.*, 262 App. Div. 907.) The lender merely pays to himself the amount which is due for interest out of the sum which otherwise would be paid to the borrower and immediately repaid by the borrower to the lender. The interest thus incorporated as a part of the principal of the new loan is as truly an " unpaid principal balance " within the meaning of the statute as if the borrower had paid the interest in cash and received the full proceeds of the loan. It is obvious, also, that a different rule would serve only to require the lender to exact payment of the note with the interest in cash before making the new loan, thereby benefiting neither the lender nor the borrower.

We think the term " compound interest," as it is commonly understood, applies to an agreement whereby interest thereafter to accrue automatically bears interest. Such agreements the law has refused to countenance principally for the reason that an improvident debtor is not likely to realize the extent to which the interest will accumulate. Though the term " compound interest " may apply in certain other circumstances, we think it does not apply where interest has already fallen due and has become a debt which, like any other debt, may either be paid in cash or reloaned to the debtor under a new agreement that it shall bear interest. Such an agreement is not a snare which is likely to entrap the unwary, for the borrower cannot fail to realize the exact extent of his obligation. He may pay that interest in cash or, if the parties agree, he may arrange a new loan which will bear interest and, as here occurred, allow the interest to be deducted from the proceeds. In neither event does it seem to us that interest is compounded within the ordinary meaning of that term.

We think the true principle to be applied is that upon maturity of the note either by expiration of its terms or by agreement of the parties, the interest when deducted from the proceeds is to be regarded as a part of the principal of the new loan and, accordingly, that the interest charged on the total debt does not constitute " compounded interest." The principle was expressed by Chancellor KENT in *Connecticut* v. *Jackson* (1 Johns. Ch. 13) as follows: " There are cases in which interest is considered as changed into principal, and permitted to carry interest; as where a settlement of accounts takes place after interest has become due, or an agreement is then made that the interest due, shall carry interest   *   *   *."

This suggests the limitation, to be constantly remembered, that the rule applies only to interest which has fallen due and excludes from its operation any agreement to pay interest upon interest which has not accrued. (*Van Benschooten* v. *Lawson*, 6 Johns. Ch. 313.)   In *Stewart* v. *Petree* (55 N. Y. 621) a note given for interest upon arrears of interest was held to be enforcible, but the court said: " It is true that an agreement in advance for the payment of interest upon interest, as the same shall accrue, cannot be enforced, not because it is usurious, but for the reason that such an agreement is regarded in this State as against public policy — as one that may be made oppressive to the debtor; but a prospective agreement, after the interest has accrued, to pay interest thereon, is valid;   *   *   *."

To the same effect are *Young* v. *Hill* (67 N. Y. 162); *Newburger-Morris Co.* v. *Talcott* (219 id. 505), and *Guernsey* v. *Rexford* (63 id. 631).

We think that when the Legislature used the term " compounded " in section 352 of the Banking Law it must be deemed to have been cognizant of the distinction between contracts to pay interest upon interest thereafter to accrue and contracts to pay interest on interest which had fallen due and by action of the parties had been converted into principal, and did not intend to render criminal and void agreements which theretofore were legal. Indeed, the statutes of this State enforce this practice whenever judgment is entered for the principal of a debt on which interest has accrued, since the judgment necessarily carries interest upon the interest which is included therein. Accordingly, if there had been default in the payment of the defendants' note, the plaintiff, upon entering judgment for the amount of the note and the accrued interest, would have been entitled to collect interest, though only at the usual rate, on the full amount. It is difficult to believe that the Legislature in the Banking Law intended to denounce a practice which, had the note been reduced to judgment, would have been expressly authorized.

This conclusion is confirmed by the provisions of section 353 of the Banking Law which require the lender to " permit payment to be made in advance in any amount on any contract of loan at any time," but provide that " the licensee may apply such payment first to all interest in full at the agreed rate up to the date of such payment." The effect of these provisions is to permit the lender, out of any payment made on account of the note, to discharge any interest then accrued, which may again be loaned either to the borrower or to others at interest, and to regard the unpaid balance as principal of the note on which interest will be payable. This, in effect, is precisely what occurred in the present case when the defendants availed themselves of the right to pay the note before maturity. The plaintiff then " applied " a portion of the proceeds of the new note to the interest " at the agreed rate up to the date of such payment " and allowed the balance to remain as principal.

The views we have expressed appear to have been entertained by the Superintendent of Banks, upon whom rests the duty of supervision over licensed lenders. (Banking Law, § 349.) The Superintendent did not regard the practice as illegal or improper and took no action to prevent it until the decision of the United States District Court (*Matter of Radner*, 36 F. Supp. 964) which was subsequently affirmed in *Madison Personal Loan* v. *Parker* (*supra*). This interpretation of the statute by the administrative officer charged with its enforcement should not lightly be disregarded by the court. (*Matter of Kolb* v. *Holling*, 285 N. Y. 104; *Bullock* v. *Cooley*, 225 id. 566.)

We are urged to avoid any interpretation which may seem not to be in harmony with the purpose of the Legislature in enacting section 352 of the Banking Law. We are told that in enacting the statute the Legislature was solicitous for the welfare of the borrower rather than the profit of the lender, and it is argued accordingly that every inference must be drawn in favor of the class which the Legislature intended to protect. We are by no means persuaded that the argument has merit, for the Legislature, it would seem, intended to assist the borrower by encouraging legitimate capital to invade a field which previously had been occupied by irresponsible lenders. To accomplish that result, it is quite as necessary to protect the lender as the borrower against any unreasonable extension of the statute. Furthermore, the statute is also penal in character and provides that any violation of section 352 constitutes a misdemeanor. (Banking Law, § 358.) The language must necessarily receive the same interpretation whether the question arises in a civil or in a criminal proceeding. For that reason also we may not, by implication, extend the prohibition beyond the fair import of its terms. Speaking of a similar statute, the court in *People* v. *Shakun* (251 N. Y. 107) said: " Acts otherwise innocent and lawful, do not become crimes unless there is a clear and positive expression of the legislative intent to make them criminal."

Judgment should be directed in favor of the plaintiff for the sum of $125, with interest.

O'MALLEY and GLENNON, JJ., concur; MARTIN, P. J., and TOWNLEY, J., dissent and vote to direct judgment for the defendants.

TOWNLEY, J. (dissenting). The question in this case is whether plaintiff is exacting compound interest in violation of section 352 of the Banking Law on the following facts: On November 9, 1940, on an original loan of $120 repayable at two and one-half per cent per month on the unpaid principal balance, there was outstanding an unpaid principal balance of $68.42 plus accrued interest of forty-six cents. On the said date it was agreed to renew the loan and a new note for $125 was given. The lender paid over the difference in cash, namely, $56.12. Installments under the new note have not been paid, on the ground that the new note includes an accrued interest of forty-six cents and, therefore, involves a claim for compound interest.

Section 352 of the Banking Law provides in part:

" No interest, consideration, or charge for the use of money shall be deducted or received in advance or compounded, and all interest, consideration and charges for the use of money shall be computed on unpaid principal balances. * * *

" If any interest, consideration or charges in excess of those permitted by this act are charged, contracted for, or received the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever."

On precisely similar facts, the United States Circuit Court of Appeals of the Second Circuit (*Madison Personal Loan* v. *Parker*, 124 F. [2d] 143) followed certain Georgia decisions and the trend of cases in other States and held that a transaction such as above described amounts to the adding of interest to principal and is, therefore, both a compounding and an illegal or excessive charge.

It seems obvious that any other holding will easily enable unscrupulous lenders to make short term notes which cannot possibly be paid off and which will need similar renewing. It would not be long under such conditions before the unpaid interest far exceeded the principal. The avoidance of such a state of things is the primary purpose of the statute. The result reached by the United States Circuit Court of Appeals is in accordance with the letter and spirit of the law and it should be followed here.

Judgment should be entered for the defendants.

MARTIN, P. J., concurs.

Judgment directed in favor of the plaintiff for the sum of $125, with interest. Settle order on notice.