MARTIN KRONOWITZ, Plaintiff, *v.* LOCAL LOAN CO., INC.,
Defendant.

Supreme Court, Special Term, Bronx County, March 26, 1942.

*Julius P. Kronowitz*, for the plaintiff.

*Ralph Meyers*, for the defendant.

McGEEHAN, J. This application presents a matter dealing with law as applied to a social problem. The Appellate Division of the First Department by a divided court of three to two has held in the case of *Household Finance Corp.* v. *Goldring* (263 App. Div. 524), that under certain conditions paying interest on interest is not within the purview of the restrictions of section 352 of the Banking Law. A militant dissenting opinion applied the human equation to the legal language employed in section 352 and found that interest on interest is against public policy and renders the transaction void. When we consider the facts in the *Household Finance Corp.* v. *Goldring* case (*supra*) we cannot help but arrive at the conclusion that the case is unique on its facts and apparently was adopted by the plaintiff finance corporation to present the problem in a litigation that was most favorable to the plaintiff loan company. The whole controversy revolved about a sum of forty-six cents interest on a $120 loan, which was renewed for a new loan in the sum of $125. Before the court the social problem involved was minimized because of the hand-picked case chosen by the plaintiff for judicial interpretation. Upon appeal to the Court of Appeals that tribunal may consider that the facts presented do not adequately set forth the real problem involved in its true light. The real problem involves the situation where the

interest accruing at the rate of three per cent per month or two and one-half per cent per month prevents the small wage earner from ever getting out of debt — that for money he has never had the use of, the borrower must pay interest at these large rates of three per cent and two and one-half per cent per month.

The attending evil is present when a person in distress is charged interest on interest when in fact the borrower never had the use and benefit of the money upon which he must pay interest. For example, where a man requires $100 for one year and at the end of the year he is unable to repay the loan which has now grown to $136 because of the accumulation of interest, he may obtain a new loan for $136 which at the end of the year aggregates $184.96 because interest has accrued on the new amount of the principal. In reality the borrower only had the actual use and benefit of $100 for two years but he has been obliged to pay interest on the $36 which accrued as interest during the first year. Where a loan of $100 can develop into an obligation to pay $184.96 in two years it becomes apparent that the debtor is sinking deeper and deeper into debt although he has not received one additional penny to be used for his own use and benefit but merely maintains the *status quo* as to the original principal loaned. This condition should be abhorrent to a free people.

In the case before this court the plaintiff borrowed $300 and later in renewing his obligation he received $92.33 and was obliged to pay interest on $100 because the total amount of his debt remained intact at $300. With interest accruing at the rate of three per cent and two and one-half per cent per month the plaintiff found it impossible to pay the interest and principal and support his wife and three children on his small salary of $1,680 per year as an employee of the Customs House. A judgment was entered October 15, 1939, for $376.73.

It is worthy of note that despite the money paid by the plaintiff to the loan company by virtue of the loan for $300, nevertheless, on October 15, 1939, a judgment was entered against him for $376.73 arising out of this same $300. If the defendant is permitted to proceed on the judgment without granting the plaintiff the relief he seeks the plaintiff will suffer irreparable injury through the loss of his position. His wife and children will suffer the consequences of his inability to pay the finance company the charges that keep him eternally in debt. The United States is fighting to preserve the freedom from want, and any interpretation of section 352 other than the enlightened interpretation placed by District Judge CONGER and Circuit Judges HAND, CLARK and FRANK on section 352 of the Banking Law would go a great way in thwarting

this most desirable American aim and purpose. Want and fear are the inseparable companions of the man in debt. The easier we make it for a man to pay off the principal of his debt without pyramiding the interest the nearer we come to attaining our ideal of freedom from want. Talking ideals and then applying them in a practical way will make the average man realize that democracy works for his benefit. It has been a revelation to this court during the last three months to learn of the number of matrimonial cases that have their bases in loans that require a substantial portion of the bread-winner's income in order to pay merely the interest charges without reducing the principal. It would be well for some friend of labor to compile statistics on the number of work hours per year which must be devoted by labor to satisfy the unlawful charges of the small loan companies for their non-productive money loaned under stressed conditions to laboring men who produce the commodities upon which America depends for its perpetuation and who are obliged to work many hours not for their own benefit but for the sole benefit of the loan companies for money that they never had in fact received. The language of the learned Circuit Court Judge CLARK in his opinion in the case of *Madison Personal Loan* v. *Parker* (124 F. [2d] 143) expresses the law that best serves American jurisprudence.

While this court respects and submits to the higher authority of the Appellate Division of this department, nevertheless, it regards the prevailing opinion in the *Goldring* case as applicable to the unique facts of that particular case which was decided on an agreed statement of facts which made the problem more academic than real. The facts favored the plaintiff to a degree not justified by the normal case. The facts before this court on the present application are different from the facts in the *Goldring* case. Here the victim seeks relief whereas in the *Goldring* case the loan company wanted an academic disposition as legal insurance.

The application for an injunction *pendente lite* is granted, because the final word has not been uttered by the courts of last resort. The plaintiff must, however, post a bond in the sum of $500 under prevailing circumstances.