*478 Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about March 6, 2013, which denied defendant Carolyn Limquee’s motion for summary judgment dismissing the complaint as against her, and, upon searching the record, granted partial summary judgment to plaintiff dismissing Carolyn’s affirmative defense of unconscionability, unanimously affirmed, without costs.
“[A]t common law an unconscionable agreement was one that no promisor (absent delusion) would make on the one hand and no honest and fair promisee would accept on the other” (King v Fox, 7 NY3d 181, 191 [2006]). If the Ellis Limquee Family Insurance Trust (by its trustee, defendant Marcy Trachtenberg) had not signed the promissory note on which plaintiff sues, the policy on Ellis’s life would have lapsed for nonpayment of premiums, and Carolyn (the trust’s beneficiary) would ultimately have received nothing. Since the trust executed the note, it received $4 million after Ellis died, but it will have to give plaintiff approximately half of that amount if the note is enforced. A decision to get $2 million, as opposed to nothing, is not a bargain that only a delusional trustee would make.
The motion court correctly found that Carolyn may not raise the defense of civil usury because the amount of the note exceeds $250,000 (see General Obligations Law § 5-501 [6] [a]). It was permissible for the note given by the trust to The Brown Investment Fund, L.E to be rolled over into the July 2009 note given by the trust to plaintiff and for the July 2009 note to be rolled over into the November 2009 note given by the trust to plaintiff (see Household Fin. Corp. v Goldring, 263 App Div 524 [1st Dept 1942], affd 289 NY 574 [1942]).
Carolyn may raise the defense of criminal usury. However, the court correctly found that there is an issue of fact whether the November 2009 note on which plaintiff sues is usurious (see Hartley v Eagle Ins. Co. of London, England, 222 NY 178, 184, 187 [1918]; see also Freitas v Geddes Sav. & Loan Assn., 63 NY2d 254, 262-265 [1984]).
We have considered Carolyn’s remaining arguments and find them unavailing. Concur — Mazzarelli, J.E, Friedman, Renwick, DeGrasse and Gische, JJ.