Wacht v Stern (2024 NY Slip Op 06287)

Wacht v Stern

2024 NY Slip Op 06287

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Index No. 158606/21 Appeal No. 3241 Case No. 2023-00950 

[*1]James Wacht, Plaintiff-Respondent,
v
Arthur Stern, Defendant-Appellant.

Cadwalader, Wickersham & Taft LLP, New York (William J. Natbony of counsel), for appellant.
Goldenbock Eiseman Assor Bell & Peskoe LLP, New York (Michael M. Munoz of counsel), for respondent.

Order, Supreme Court, New York County (Lisa S. Headley, J.), entered on or about January 23, 2023, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
As alleged in the complaint, defendant entered into a promissory note for a total sum of $330,000, with interest accruing at a rate equal to 18%, owed to plaintiff and nonparty Ross Jacobs as the collective holder of the promissory note. The documents submitted with defendant's motion show that he reaffirmed the loan as one for $330,000. When defendant did not repay the promissory note in accordance with its terms, he entered into a settlement agreement with plaintiff and other parties, pursuant to which he agreed, among other things, to make payments to plaintiff and Jacobs. Defendant also failed to make those payments, and plaintiff commenced this action.
Defendant maintains that he is entitled to dismissal of the complaint and that, as a matter of law, pursuant to GOL § 5-501, because the transactions between the parties constituted usurious loans since plaintiff made a single loan of only $165,000 to defendant with an interest rate exceeding 16%. However, the documents submitted on defendant's motion, including the promissory note, the settlement agreement, and an affidavit of defendant acknowledging his default and consenting to judgment on the loan, indicate that the loan made to defendant was in the total amount of $330,000. Thus, the 18% interest applied to the loan amount was not usurious on its face pursuant to the exception to the usury rule set forth in GOL §5-501(6)(a) (see B.D. Estate Planning Corp. v Trachtenberg, 114 AD3d 477, 478 [1st Dept 2014]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024